```
                                                                    1

 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2

 3    - - - - - - - - - - - - -    X

 4   UNITED STATES OF AMERICA,     :    CR 08-415

 5                                 :

 6
            -against-              :
 7                                      United States Courthouse
                                        Brooklyn, New York
 8   RALPH CIOFFI                  :
     MATTHEW TANNIN
 9
                                        September 26, 2008
10           Defendants.           :    2:30 o'clock p.m.

11    - - - - - - - - - - - - -    X

12
                       TRANSCRIPT OF CONFERENCE
13                BEFORE THE HONORABLE FREDERIC BLOCK
                      UNITED STATES DISTRICT JUDGE
14

15
     APPEARANCES:
16

17   For the Government:          BENTON J. CAMPBELL
                                  United States Attorney
18                                BY: PATRICK SINCLAIR
                                      SEAN CASEY
19                                    JOHN NATHANSON
                                  Assistant United States Attorneys
20                                271 Cadman Plaza East
                                  Brooklyn, New York
21

22
     For the Defendants:          HUGHES & HUBBARD
23                                Attorneys for R. Cioffi
                                  One Battery Park Plaza
24                                New York, N.Y. 10004

25                                BY: EDWARD J. M. LITTLE, ESQ.


                    GR     OCR     CM     CRR     CSR
```

2

```
                        WILLIAMS & CONNOLLY LLP
1                       Attorneys for R. Cioffi
                        725 Twelfth Street, N.W.
2                       Washington, D.C. 20005

3                       BY:  DANE H. BUTSWINKAS, ESQ.
4                            R. HACKNEY WIEGMANN, ESQ.

5

6                       BRUNE & RICHARD LLP
                        Attorneys for M. Tannin
7                       80 Broad Street
                        New York. N.Y. 10004
8
                        BY:  SUSAN E. BRUNE, ESQ.
9                            NINA M. BEATTIE, ESQ.

10

11  Court Reporter:     Gene Rudolph
                        225 Cadman Plaza East
12                      Brooklyn, New York
                        (718) 613-2538
13

14
            Proceedings recorded by mechanical stenography,
15   transcript produced by computer-aided transcription.
```

16

17

18

19          THE CLERK:  Criminal cause for status conference,

20  United States of America versus Ralph Cioffi and Matthew

21  Tannin.

22          I ask the parties if you can step forward and please

23  be so kind to state your appearances for the record.

24          MR. SINCLAIR:  Patrick Sinclair for the United

25  States.

GR     OCR     CM     CRR     CSR

3

1           Good afternoon, Your Honor.
2           Joined with my colleagues Sean Casey and John
3    Nathanson.
4           THE COURT:  Good afternoon.
5           MR. LITTLE:  Good afternoon, Your Honor.
6           Edward Little for Mr. Cioffi, who is here with me
7    now.
8           I would like to introduce two of our colleagues who
9    are joining the case, Mr. Dane Butswinkas, right here, and
10   Hackney Wiegmann, right here, Your Honor.
11          Your Honor has already admitted Mr. Butswinkas pro
12   hac.  Mr. Wiegmann's application is pending.
13          THE COURT:  Okay.
14          MS. BRUNE:  Good afternoon, Your Honor.
15          Susan Brune and Nina Beattie for Matt Tannin.
16          THE COURT:  The defendants are here also.
17          MR. LITTLE:  Yes, Your Honor.
18          THE COURT:  Who wishes to speak for the government?
19          Mr. Innelli gave me a note that you want to have
20   another adjournment before scheduling a trial date.  Should I
21   call upon you to speak for the government?
22          MR. SINCLAIR:  Sure, Your Honor.
23          We have substantially completed the discovery
24   obligations of the government insofar as we produced nearly
25   everything in our coffers that we have.  We do continue to

1  investigate and, therefore, we do continue to receive
2  materials, which we will turn over as we receive them and they
3  are relevant to the existing charges.
4      Pursuant to the requests from the defendants, we
5  have also lodged a request for relevant documents from the SEC
6  investigative file.  We have not yet received the bulk of
7  those documents.  Nevertheless, when we do receive them from
8  the SEC, it is our intention to make them available to the
9  defendants.
10     That is where we are with respect to discovery.
11     The government continues to contemplate a
12 superseding indictment to add additional charges.  As we
13 mentioned at the previous status conference, we would like to
14 get that done this fall, and we think that we could do that
15 within this window of time between now and the proposed
16 December 5th date.
17     THE COURT:  Then, basically, you would like to give
18 the defendants some additional time so that you can fully
19 discharge your discovery obligations in the meantime, right?
20     MR. SINCLAIR:  That's correct, Your Honor.
21     MR. LITTLE:  Your Honor, we would waive the speedy
22 trial --
23     THE COURT:  We don't have to deal with that.  The
24 government is telling me it needs more time to handle its
25 Rule 16 responsibilities.

5

1    MR. SINCLAIR:  Just to be clear, I think we have
2 designated this a complex case on consent of both of the
3 defense parties.
4    THE COURT:  Yes.
5    MR. LITTLE:  Yes, Your Honor.
6    THE COURT:  Give me a heads up on what we can expect
7 if we do give you an adjournment to December 5th, which is
8 what you are all requesting.  I don't want to have to come
9 back here time after time and hear basically the same
10 rhetoric.
11    Is it reasonable to assume that if you are going to
12 have a superseding indictment, it will be in place by then?
13    MR. SINCLAIR:  It is, Your Honor.
14    THE COURT:  I don't want to set this case down for
15 trial and at the eleventh hour, unless something exceptional
16 happens, to be faced with a superseding indictment and to have
17 to start the discovery process all over again.  I just want to
18 give you a heads up that I don't think that would be something
19 which I really look forward to.
20    I have your assurances that it is not likely to
21 happen?
22    MR. SINCLAIR:  We do believe that we will be able to
23 supersede the indictment before --
24    THE COURT:  By December 5th?
25    MR. SINCLAIR:  That is correct.

6

1           THE COURT:  That's some sort of a representation.
2           Mr. Tannin, do you wish to say anything at this
3 time?
4           MR. LITTLE:  Little, Your Honor.
5           THE COURT:  I'm sorry.
6           MR. LITTLE:  Edward Little.
7           No, Your Honor.
8           THE COURT:  I'm sorry I called you Mr. Tannin.
9           MR. LITTLE:  That's okay, Your Honor.
10          THE COURT:  I'm sure Mr. Tannin would like to change
11 places with you.
12          Go ahead.
13          MR. LITTLE:  I would, Your Honor.  He's a good guy.
14          Seriously, I think that this is a good proposal.
15 The documents are being produced electronically and that
16 entails some delay.  I am not blaming the government for it,
17 but I just want to make sure, the bulk of the documents, some
18 million documents, we just received on a hard drive this week.
19          THE COURT:  Literally, a million documents?
20          MR. LITTLE:  Yes, literally.
21          Before that, we had about a hundred thousand were
22 produced over the summer.  So we really do need this time.
23 This is something --
24          THE COURT:  I can see why you have some assistants
25 working with you on this matter.

1   MR. LITTLE:  Exactly, Your Honor.

2   I think that does make sense, to have the next
3   pretrial December 5th.  I think we will be in a very good
4   position then to talk about a trial date.

5   THE COURT:  That suggests that this case is likely
6   to go to trial?

7   MR. LITTLE:  Definitely go to trial, Your Honor.

8   THE COURT:  All right.  When we get here on
9   December 5th, I am thinking forward to the possibility of some
10  sort of a springtime date.

11  Does that sound about right?

12  MR. LITTLE:  I think, Your Honor, based upon my
13  perception of what may happen with the superseder, I think it
14  is much more likely it will be towards the latter part of next
15  we're year.  I think spring is much too optimistic based on
16  the documents and what we perceive are coming down the road.

17  THE COURT:  What is the government's perception?

18  MR. SINCLAIR:  We believe the charges existing as
19  well as any superseding charges are very straightforward.
20  There is a fair amount of documentation that's due just to the
21  thoroughness of the investigation and the request from.
22  The -- for the SEC documentation.  The existing charges in the
23  indictment are rather straightforward, are very clearly laid
24  out.  There are plenty of particulars with respect to the
25  particular documents that we believe gives rise to the charges

1 and, therefore, we think a spring trial date can be
2 appropriate.
3     THE COURT:  If you have to read a million pages, it
4 might take you a year just to do that alone.
5     MS. BRUNE:  Your Honor, I really think this
6 conversation is a bit premature.  If indeed there may be a
7 superceding indictment, we'd obviously have to take a look at
8 that.
9     We are working very hard to work through the
10 materials we have received.  It may well be that Your Honor
11 requires the government to produce additional materials.
12 There is just a lot ahead.  We are working very hard on it.
13     THE COURT:  Let's do this.  I would like to see the
14 superseding indictment, if one were to be forthcoming, to be
15 in place by the next time we here.
16     There is going to have to be a good reason for me to
17 do otherwise than what I might do if I don't have a
18 superseding indictment by that time.  I just don't want this
19 thing to linger on in some sort of suspended state of limbo.
20 Just so we are on the same page.
21     At that time we will know what the parameters are in
22 terms of anticipation of a trial date.  The government would
23 like to have something in the spring, I guess, and the
24 defendants would like to have something maybe in the fall or
25 towards the end of year.  That's what we are collectively

9

1  talking about.  I am not in a position to really be definitive
2  about what will happen.  I think we have a sense of it.
3            Anything else?
4            Do you want to say anything?
5            MS. BRUNE:  No, Your Honor.
6            Thank you.
7            THE COURT:  Obviously, you don't have to worry about
8  the speedy trial clock.  We have already designated this as a
9  complex piece of litigation.
10           I guess in light of the fact that we now have a
11 million pieces of paper that are being furnished, that even
12 makes it super complex, right?
13           In the interests of justice, of course, the speedy
14 trial clock will not be running.
15           Anything else?
16           MR. LITTLE:  No, Your Honor.
17           THE COURT:  Nice to see you all in court today.
18           MR. SINCLAIR:  Thank you.
19           THE CLERK:  That's at 2:30, December 5th.
20           MR. LITTLE:  Thank you, Your Honor.
21           (Matter concludes.)
22
23
24
25

GR        OCR        CM        CRR        CSR