```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NEW YORK

------------------------------X
                              :
UNITED STATES OF AMERICA,     :
                              :    08-CR-415 (FB)
        v.                    :
                              :    July 18, 2008
RALPH CIOFFI,                 :
MATTHEW TANNIN,               :    Brooklyn, New York
              Defendant.      :
                              :
------------------------------X


       TRANSCRIPT OF CRIMINAL CAUSE FOR CONFERENCE
          BEFORE THE HONORABLE FREDERIC BLOCK
              UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:          BENTON J. CAMPBELL, ESQ.
                             UNITED STATES ATTORNEY
                             BY: PATRICK SINCLAIR, ESQ.
                                 JOHN NATHANSON, ESQ.
                                 SEAN CASEY, ESQ.
                             ASSISTANT U.S. ATTORNEYS
                             225 Cadman Plaza East
                             Brooklyn, New York  11201



For the Defendant:
Cioffi                       EDWARD LITTLE, ESQ.
                             MARK LANGSTON, ESQ.
Tannin                       SUSAN BRUNE, ESQ.
                             NINA BEATTIE, ESQ.


Court Transcriber:           ARIA TRANSCRIPTIONS
                             c/o Elizabeth Barron
                             31 Terrace Drive, 1st Floor
                             Nyack, New York 10960
                             (215) 767-7700



Proceedings recorded by electronic sound recording,
transcript produced by transcription service
```

1               THE CLERK:  Criminal cause for status conference,
2    United States of America versus Ralph Cioffi and Matthew
3    Tannin.  Would all counsel step forward please and state
4    your appearances for the record.
5               MR. SINCLAIR:  Good afternoon, your Honor.
6    Patrick Sinclair for the United States.
7               THE COURT:  Good afternoon.
8               MR. SINCLAIR:  I'm joined by my colleagues, John
9    Nathanson and Sean Casey.
10              THE COURT:  Welcome to court.  Who is representing
11   the defendants?
12              MR. LITTLE:  Good afternoon, your Honor.  Edward
13   Little from Hughes Hubbard and my partner, Mark Langston
14   (ph) with me, representing Mr. Cioffi.
15              THE COURT:  Alright.
16              MS. BRUNE:  Good afternoon, your Honor.  Susan
17   Brune and with me my partner, Nina Beattie, representing
18   Matt Tannin.
19              THE COURT:  Alright, so welcome to court.  This is
20   the first time you are appearing before me.  I guess the
21   indictment goes back for about a month now.
22              MR. SINCLAIR:  The indictment was unsealed on the
23   19th of June, your Honor.
24              THE COURT:  So we've had just about a month.  So
25   why don't you give me an idea where we're at here?

1    MR. SINCLAIR: The indictment has nine counts,
2 your Honor. The government expects that there is going to
3 be a significant amount of documentary discovery here.
4 We've commenced that process today, providing defense
5 counsel with a significant portion of electronic documents.
6 We are working through --
7    THE COURT: Why did it take you a month to do
8 that?
9    MR. SINCLAIR: Your Honor, the voluminous amount
10 of material that there is has come from a variety of sources
11 and was produced to the government in a variety of media.
12 And whereas the government is under no obligation to
13 actually provide them with that, rather just give them
14 access to it, we've attempted to put it in a user friendly
15 format.
16    We've also provided the defendants with a
17 comprehensive index of the documents that we've provided to
18 them, and we anticipate that process to continue with the
19 additional documents that we have for the defendants.
20    THE COURT: Alright. It sounds like you're doing
21 the right job.
22    MR. LITTLE: We have no problem with that, your
23 Honor. It's been cooperative.
24    THE COURT: So it's going to take some period of
25 time, Mr. Sinclair, for your disclosure obligations to be

```
 1  satisfied, I take it.
 2          MR. SINCLAIR:  We anticipate that we'll do them as
 3  quickly as possible but, yes, it will take some time, given
 4  the volume.
 5          THE COURT:  Give me some estimate, so I have just
 6  a ball park sense of where we're at.
 7          MR. SINCLAIR:  We're hoping to get the rest of the
 8  documentary discovery out within the next thirty days,
 9  barring any technical problems with that because of the
10  media.  Again, there may be difficulties, but it's our goal
11  to get it out within the next thirty days.  We're hopeful
12  that the defense will have the opportunity to evaluate it
13  over the next several weeks, and we're seeking a status
14  conference on the 26$^{th}$ of September, if that's okay.
15          THE COURT:  How extensive is all this material,
16  because I don't have a sense really at the present time of
17  what we're talking about.
18          MR. SINCLAIR:  It's rather voluminous.
19          MR. LITTLE:  Millions of pages, your Honor.
20          THE COURT:  Really?
21          MR. SINCLAIR:  It may be slightly more than a
22  million documents, your Honor, in terms of pages, although I
23  don't know about millions and millions.  But it might
24  approach a million pages of documents.
25          THE COURT:  Do you think this satisfies the
```

```
 1  complex litigation standard in terms of the Speedy Trial
 2  Act?
 3              MR. SINCLAIR:  Yes, your Honor.
 4              THE COURT:  Is there any question about that?
 5              What do you say, Mr. Tannin [sic]?  Anything you
 6  wish to add?
 7              MR. LITTLE:  Little, your Honor.  No, your Honor,
 8  I agree with that.  We have no problem with it being
 9  designated complex.  Obviously, we're going to need time to
10  go through all these documents.
11              THE COURT:  It sounds like that's warranted, in
12  the interests of justice, so we'll make that designation.
13  So we won't have to worry about the speedy trial clock.
14  Nobody is concerned about that.
15              MR. LITTLE:  Very good, your Honor.
16              THE COURT:  Anything else you wish to say, Mr.
17  Tannin, at this maiden appearance?
18              MR. LITTLE:  Well, there is one thing, your Honor.
19  We understand there may be a superseding indictment, and
20  perhaps the government could give us some indication of
21  that, so we know what we're dealing with.
22              MR. SINCLAIR:  Your Honor, the government is
23  indeed contemplating additional charges.  And as with our
24  discovery obligations, we will move with all due speed.
25  However, we do not wish at this time to announce what those
```

```
 1  charges may or may not be.
 2          THE COURT:  Alright.  Are they similar basically
 3  to the type of charges that you've already brought,
 4  variations on the theme, or something entirely different?
 5          MR. SINCLAIR:  We think that any charges that
 6  would be brought would be appropriately joined with the
 7  charges in this indictment, your Honor.
 8          MR. LITTLE:  Your Honor, if I could just add one
 9  thing.  I wasn't looking for a description of the new
10  charges.  I didn't expect them to.  But if we could find out
11  -- have some sense of the time schedule here, because the
12  case was indicted very quickly, but now we understand that
13  there's going to be a whole second part to it.  If we could
14  get a sense of when this is going to happen.
15          THE COURT:  Well, that's what we're here for,
16  because I want to get a sense, as a practical matter, of
17  where we're at and whether we're looking for a trial
18  sometime in the future, and if so, what I can possibly
19  anticipate, because we have other cases to take care of as
20  well.  So this is helpful to me.
21          Would you like to comment, Ms. Brune?
22          MS. BRUNE:  Everyone else is doing so well, I'm
23  not sure I need to add too much.  The prosecutor has quite
24  appropriately said that additional charges may or may not be
25  brought, so it's hard to really --
```

```
 1              THE COURT:  Do we have an idea when that might
 2   come to pass?
 3              MR. SINCLAIR:  Your Honor, we're looking to have
 4   that resolved by the early fall at the absolute latest.
 5              THE COURT:  Alright, so there's an ongoing
 6   investigation, I take it, that may lead to additional
 7   charges, right?
 8              MR. SINCLAIR:  That is correct.
 9              THE COURT:  Anything else?
10              MS. BRUNE:  No, your Honor, thank you.
11              THE COURT:  I think it sounds like it's premature
12   to set a trial date.  It sounds to me like this is very
13   likely to happen.
14              Mr. Tannin, what do you think about that?
15              MR. LITTLE:  No, I think we should hold off on
16   that until we get a sense of what the whole case is about.
17              THE COURT:  So why don't we do this?  I have
18   plenty of things to do in the fall.  I think I have another
19   death penalty case and other things.  Why don't we just come
20   back here in September, as you all seem to be comfortable
21   with.  Be prepared at that time to talk seriously about
22   whether this case will go to trial.  I think it's premature
23   now to even discuss that, I imagine, right?  And if so, be
24   prepared to see whether we can collaboratively fix a trial
25   date at some future time.
```

```
 1            MR. LITTLE:  Your Honor, there will definitely be
 2   a trial; the question is what year.  I'm sure it will be at
 3   least next year if not later.  No one is looking to delay it
 4   but it's a very, very large case.
 5            THE COURT:  Alright.  So at the present time, you
 6   suspect a trial will be indicated here.
 7            MR. LITTLE:  Next year sometime, your Honor.
 8            THE COURT:  Okay.  September.  What date, Mike?
 9            THE CLERK:  September 26th at 2:30.
10            THE COURT:  Try if you can, because you have two
11   months now.  And I expect when we get back here next time,
12   we'll have hopefully whatever superseding indictment may be
13   forthcoming.  It would be a good idea if we had that in
14   place by that time.  Hopefully, all of your discovery
15   obligations and disclosure obligations will have been
16   actuated by that time.  So keep up the hard work, okay?
17            Anything else you wish to say today?
18            MR. LITTLE:  One other thing, your Honor.  Part of
19   the bail package included an IRA account of my client's.
20   There's an agreement that he needs to sign and have signed
21   by your Honor, approving it, so we can accomplish that.  So
22   if he can sign this now, that would be helpful.
23            THE COURT:  Any problem from the government's
24   point of view?
25            MR. LITTLE:  They've reviewed it, your Honor.
```

```
 1                THE COURT:  No problem?
 2                MR. SINCLAIR:  We have no objection to that
 3     document, your Honor.
 4                THE COURT:  Alright, send it to me and I'll take
 5     care of that.  Any other housekeeping matters that have to
 6     be attended to?
 7                MS. BRUNE:  No.
 8                THE COURT:  Okay, so we'll see you folks in
 9     September.  Have a good summer.  Nice to see you all here.
10                MR. SINCLAIR:  Thank you, your Honor.
11                MS. BRUNE:  Thank you, your Honor.
12                * * * * * * * * * * * * *
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18     I certify that the foregoing is a correct transcript
19  from the electronic sound recording of the proceedings in
20  the above-entitled matter.
21
22
23  [signature]
24
25  ELIZABETH BARRON                         April 17, 2009
```