UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

UNITED STATES OF AMERICA,               :        08 CR 415 (FB)

                          Plaintiff,    :        **NOTICE OF MOTION**
                                                 **TO APPROVE**
           - against -                  :        **CONFIDENTIALITY**
                                                 **AGREEMENT_____**
RALPH CIOFFI and MATTHEW TANNIN,        :

                          Defendants.   :

-------------------------------------------------------------------------x

PLEASE TAKE NOTICE that non-parties Martin Schloss and Madelyn Schloss (the "Schlosses"), by their undersigned attorneys, Ganfer & Shore, LLP, upon the accompanying Memorandum of Law in Support and Declaration of Steven J. Shore, Esq., will move this Court before the Honorable Frederic Block, at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York, 11201, at a time and date to be set by the Court, for an Order, pursuant to Federal Rules of Criminal Procedure Rules 16(d)(1) and 57(b), approving the Confidentiality Agreement and Order between the Schlosses and the Defendants Ralph Cioffi and Matthew Tannin, and granting such other relief as the Court deems just and proper.

Pursuant to Rule 12.1(b) of the Local Criminal Rules of the United States District Courts for the Southern and Eastern District of New York, any opposing papers shall be served within ten (10) business days after service of the motion papers, and any reply papers shall be served within five business days after service of the opposing papers.

Dated: New York, New York
      May 18, 2009

                                        GANFER & SHORE, LLP

                                        By: _____
                                            Steven J. Shore (SJS-2514)
                                          Mark A. Berman (MAB-5202)
                                      360 Lexington Avenue
                                      New York, New York 10017
                                      (212) 922-9250

                                      *Attorneys for Non-Parties*
                                      *Martin and Madelyn Schloss*

TO:    Patrick Sinclair, Esq.
        Assistant United States Attorney
        271 Cadman Plaza East
        Brooklyn, New York 11201
        (718) 254-7000

        Margaret A. Keeley, Esq.
        WILLIAMS & CONNOLLY LLP
        725 Twelfth Street, N.W.
        Washington, D.C. 20005
        (202) 434-5000

            - and -

        Edward J. M. Little, Esq.
        HUGHES HUBBARD & REED LLP
        One Battery Park Plaza
        New York, New York 10004
        (212) 837-6000

        *Co-Counsel for Defendant Ralph Cioffi*

        Nina Beattie, Esq.
        BRUNE & RICHARD LLP
        80 Broad Street
        New York, New York 10004
        (212) 668-1900

        *Attorneys for Defendant Matthew Tannin*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA,                                08 CR 415 (FB)

                                :

                    Plaintiff,                           **DECLARATION OF**

                                :         **STEVEN J. SHORE**

           -against-

                                :

RALPH CIOFFI and MATTHEW TANNIN,

                                :

                    Defendants.
---------------------------------------------------------x

       STEVEN J. SHORE, hereby declares, pursuant to 28 U.S.C. Section 1746, as follows:

       1.     I am a member of the bar of this Court and of the firm of Ganfer & Shore, LLP, attorneys for non-parties Martin Schloss and Madelyn Schloss (the "Schlosses"). I submit this Declaration in support of the Schloss' motion for an Order, pursuant to Federal Rules of Criminal Procedure Rules 16(d)(1) and 57(b), approving the Confidentiality Agreement and Order between the Schlosses and Defendants, Ralph Cioffi and Matthew Tannin ("Defendants"), and to place before the Court a copy of the proposed Confidentiality Agreement and Order.

       2.     Attached hereto as Exhibit "A" is a fully-executed copy of the Confidentiality Agreement and Order entered into by and between counsel for the Schlosses and Defendants, which governs the handling of documents and information produced in this action by the Schlosses to the Defendants.

       3.     The documents that the Schlosses are agreeing to produce will include, among other things, personal individual financial records and other personal financial information.

       4.     Defendants through their counsel consent to this Court "so ordering" the proposed Confidentiality Agreement and Order.

5.      Counsel for Plaintiff United States of America has indicated to the undersigned that it neither objects nor consents to this motion.

6.      I declare under penalty of perjury that the foregoing is true and correct.

Dated:   New York, New York
         May 18, 2009

_____
STEVEN J. SHORE

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

   -against-

RALPH CIOFFI and
MATTHEW TANNIN,

                    Defendants.

08 CR 415 (FB)

---

## CONFIDENTIALITY AGREEMENT AND ORDER

IT IS HEREBY STIPULATED AND AGREED by and between undersigned counsel for the defendants in the above-captioned action and Martin Schloss and Madelyn Schloss, nonparties, that the following terms shall govern handling of documents and information produced in the above-captioned action ("Action").

1.    "Confidential Nonparty Discovery Material" includes all materials that the producing nonparty regards in good faith to contain non-public information related to trade secrets, proprietary or other confidential information, including research, development, business, financial or commercial information that was not obtained by defendants from other sources.

2.    To the extent that a nonparty in this Action produces information or documents it believes to be Confidential Nonparty Discovery Material, it may, at the time of production, so designate such information or documents as "Confidential – Subject to Confidentiality Agreement and Order" with a stamp or label on the face of the document or item so indicating, and it shall indicate in the accompanying correspondence that Confidential Nonparty Discovery Material is being produced pursuant to this Agreement and Order.

3.    Any Party to this action (as hereinafter defined) receiving any Discovery Material designated as confidential pursuant to this Agreement and Order may object to such designation

in writing within thirty (30) days of receiving such material.  The parties agree to make a good faith effort to resolve any disputes concerning the confidential designation and treatment of any Confidential Nonparty Discovery Material before seeking relief from the Court.  If the parties cannot, in good faith, resolve the dispute concerning the confidential designation, the designating party may, within forty-five (45) days of receipt of a written objection (or such additional time as agreed to by the parties), file a motion seeking to have the Court uphold the confidential designation.  The burden of proving the confidentiality of the Confidential Non-Party Discovery Material remains with the party asserting such confidentiality.  During the pendency of such motion, all parties receiving the designated Confidential Non-Party Discovery Material shall treat such material as confidential in accordance with this Agreement and Order.  If the designating party fails to file such a motion within the time period set out above, the Confidential Non-Party Discovery Material at issue may be treated as if it had not been designated confidential under this Agreement and Order.

4.      The defendants shall not disclose any materials labeled "Confidential – Subject to Confidentiality Agreement and Order," nor shall such materials be given, shown, disseminated, or described, either directly or indirectly to any person(s) other than the government and the defendants (collectively, "the Parties"), counsel for the Parties, the "Designated Persons" as defined in paragraph 5(c), the Court and its personnel.

5.      Confidential Nonparty Discovery Material produced directly to defendants or their counsel during the course of proceedings in this Action:

a.      may be used by the defendants and their attorneys only for purposes of this Action, or any related action in which both the government and the defendants are also parties ("Related Action").

2

      b.     shall not be disclosed in any form by the defendants or their attorneys, except as set forth in paragraph 5(c) below;

      c.     may be disclosed by the defendants or their attorneys only to the following categories of "Designated Persons":

      i.     all personnel employed, whether full-time or part-time, by the defendants' attorneys and their law firms;

      ii.     independent expert witnesses or advisors retained by the defendants or their attorneys in connection with this criminal action or a related action;

      iii.     witnesses or witnesses' counsel in the context of interviews or depositions of those witnesses provided, however, that the witnesses and the witnesses' counsel are not permitted to retain copies of such documents;

      iv.     such other person as hereafter may be authorized by the Court upon motion of any of the defendants.

6.     To the extent the Government receives any Confidential Nonparty Discovery Material, such materials shall only be permitted to be used in furtherance of the Government's law enforcement duties and obligations and this Confidentiality Agreement and Order shall be binding on the United States of America.

7.     The defendants and their attorneys shall provide a copy of this Confidentiality Agreement and Order to the Designated Persons to whom they disclose Confidential Nonparty Discovery Material pursuant to paragraph 5(c). Any Designated Person who receives copies of Confidential Nonparty Discovery Material shall be subject to the terms of this Confidentiality Agreement and Order.

8.     Any briefs, letters, or motions filed by the Parties that attach or disclose contents of any documents that have been labeled "Confidential – Subject to Confidentiality Agreement and Order" shall be made under seal by the submitting of such document(s) in sealed envelopes or containers prominently marked with the caption of the case and the following statement:

**CONTAINS CONFIDENTIAL MATERIAL**

**SUBJECT TO CONFIDENTIALITY AGREEMENT AND ORDER**

9.      Notwithstanding anything to the contrary herein, the provisions of this Agreement and Order shall not be construed as preventing the disclosure of any document or information in connection with any proceeding in open court in this Action or a Related Action, including any hearing or trial held in this Action or any hearing, deposition, or trial held in a Related Action, or to any Judge or Magistrate Judge or appellate court with jurisdiction over this Action or Related Action related to such hearing, or trial.  Nothing contained in this Confidentiality Agreement and Order shall be construed to prevent any party from introducing into evidence any Confidential Nonparty Discovery Material at any trial or hearing to the extent it would otherwise be admitted.

10.      The Confidentiality Agreement and Order shall be effective as to each party immediately upon the signature of the party or its counsel.

**AGREED TO:**

Dated:      Washington, D.C.
           May ___, 2009

_____
**MARGARET A. KEELEY**
**WILLIAMS & CONNOLLY LLP**
**ON BEHALF OF RALPH CIOFFI**

Dated:      New York, New York
           May _15_, 2009

_____
**NINA BEATTIE**
**BRUNE & RICHARD LLP**
**ON BEHALF OF MATTHEW TANNIN**

4

**CONTAINS CONFIDENTIAL MATERIAL**

**SUBJECT TO CONFIDENTIALITY AGREEMENT AND ORDER**

9.      Notwithstanding anything to the contrary herein, the provisions of this Agreement and Order shall not be construed as preventing the disclosure of any document or information in connection with any proceeding in open court in this Action or a Related Action, including any hearing or trial held in this Action or any hearing, deposition, or trial held in a Related Action, or to any Judge or Magistrate Judge or appellate court with jurisdiction over this Action or Related Action related to such hearing, or trial.  Nothing contained in this Confidentiality Agreement and Order shall be construed to prevent any party from introducing into evidence any Confidential Nonparty Discovery Material at any trial or hearing to the extent it would otherwise be admitted.

10.     The Confidentiality Agreement and Order shall be effective as to each party immediately upon the signature of the party or its counsel.

**AGREED TO:**

Dated:      Washington, D.C.
            May ___, 2009

            MARGARET A. KEELEY
            WILLIAMS & CONNOLLY LLP
            ON BEHALF OF RALPH CIOFFI


Dated:      New York, New York
            May ___, 2009

            _____
            NINA BEATTIE
            BRUNE & RICHARD LLP
            ON BEHALF OF MATTHEW TANNIN

4

Dated:      New York, New York
                 May 18, 2009

_____
**EDWARD J. M. LITTLE**
**HUGHES HUBBARD & REED LLP**
**ON BEHALF OF RALPH CIOFFI**

Dated:      New York, New York
                 May __, 2009

_____
**STEVEN J. SHORE**
**GANFER & SHORE, LLP**
**ON BEHALF OF MARTIN AND**
**MADELYN SCHLOSS**

Dated:      New York, New York
                 May ___, 2009

SO ORDERED

_____
**U.S.D.J. FREDERIC BLOCK**

5