UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

RALPH CIOFFI and MATTHEW TANNIN,

Defendants.

No. 08 Cr. 0415 (FB)

ECF

---

**MEMORANDUM OF LAW IN SUPPORT OF RALPH CIOFFI AND MATTHEW TANNIN'S JOINT MOTION TO STRIKE PREJUDICIAL SURPLUSAGE REGARDING "MISSING EVIDENCE"**

| | |
|---|---|
| Brendan V. Sullivan, Jr. | Susan E. Brune |
| Dane H. Butswinkas | Nina M. Beattie |
| R. Hackney Wiegmann | MaryAnn Sung |
| Margaret A. Keeley | BRUNE & RICHARD LLP |
| WILLIAMS & CONNOLLY LLP | 80 Broad Street |
| 725 Twelfth Street, NW | New York, New York 10004 |
| Washington, DC 20005 | Tel: (212) 668-1900 |
| Tel: (202) 434-5110 | Fax: (212) 668-0315 |
| Fax: (202) 434-5029 | |
| *Attorneys for Defendant Ralph Cioffi* | *Attorneys for Defendant Matthew Tannin* |

Dated: May 22, 2009

Defendants Ralph Cioffi and Matthew Tannin, through their undersigned counsel, respectfully submit this memorandum in support of their joint motion for an Order, pursuant to Federal Rule of Criminal Procedure 7(d), striking Paragraph 56 in its entirety and Heading I from the indictment because they constitute prejudicial and unfair surplusage.

## INTRODUCTION

The government has charged Ralph Cioffi and Matthew Tannin with securities fraud, wire fraud, and conspiracy to commit securities and wire fraud. The indictment does not charge them with obstruction of justice. Nonetheless, the indictment includes the following allegation, under the heading "The Investigation and the Missing Evidence":

> While gathering the documents and materials, Bear Stearns learned that TANNIN'S tablet computer and one of CIOFFI's notebooks, in which he had taken handwritten notes for the period January 1, 2007 to June 17, 2007, were both missing.

(Ind. ¶ 56, under Heading I.)

There is no allegation that either Mr. Cioffi or Mr. Tannin intentionally destroyed or rendered unavailable these items. Indeed, the government's recent particulars letter refers only to the "loss" of Mr. Tannin's tablet PC. Nor is there any suggestion in the discovery or Jencks Act material produced to date that the government proposes to introduce any direct evidence of what happened to the notebook or the tablet PC, much less that either defendant had anything to do with those items' unavailability.

The government knows how to charge obstruction of justice and has elected not to do so, doubtless because it lacks any evidence to support such a charge. By nevertheless including these allegations, the government is hoping to substitute prejudice for evidence by suggesting, without basis, that the defendants were somehow responsible for whatever happened to these items. Indeed, by posing the implicit question – "These items are missing – what happened to

them?" – the government seeks impermissibly to shift the burden of proof on this issue and require, in effect, that the defendants prove they did not intentionally cause the items to go missing. Given how manifestly inappropriate such a line of "proof" would be at trial, it is obvious that the allegations in paragraph 56 would serve only unfairly to prejudice and confuse the jury.

For these reasons, paragraph 56 and its heading are manifest surplusage and should be stricken from the indictment.

## ARGUMENT

Federal Rule of Criminal Procedure 7(c) instructs that an "indictment [must] be a *plain, concise,* and *definite* written statement of the *essential facts* constituting the offense charged." Fed. R. Crim. P. 7(c) (emphasis added). Extraneous, prejudicial information has no place in an indictment, and Rule 7(d) authorizes the Court to strike such "surplusage" to protect a defendant. *See United States* v. *Miller*, 26 F. Supp. 2d 415, 420 (N.D.N.Y. 1998). A motion to strike surplusage is properly granted "where the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial." *United States* v. *Carey*, 152 F. Supp. 2d 415, 429 (S.D.N.Y. 2001) (internal quotation marks omitted); *United States* v. *Reyes*, 922 F. Supp. 818, 839 (S.D.N.Y. 1996) (striking references that were irrelevant and "both prejudicial and inflammatory"). In this case, the allegations regarding the missing tablet PC and notebook are both irrelevant and unfairly prejudicial.

Nothing in the indictment, the Rule 16 discovery or the 3500 material connects the tablet computer or the notebook to the crimes charged. Nor is the "loss" of these items and the fact that they are "missing" sufficient to suggest consciousness of guilt. There is no allegation, for example, that Mr. Tannin or Mr. Cioffi intentionally destroyed or concealed the tablet computer or the notebook. *Cf. United States* v. *Burros*, 147 F.3d 111, 117 (2d Cir. 1998) (upholding

admission of testimony establishing that defendant tossed a box containing money out the window as law enforcement officers arrived); *United States* v. *Mastropieri*, 685 F.2d 776, 790 (2d Cir. 1982) (upholding admission of testimony establishing that defendant requested the removal of checks from his office after the government sought a search warrant).

In an ill-conceived effort to bolster the indictment's improper allegation concerning the "missing evidence," the government has identified in its particulars letter two supposed "lies" by Mr. Cioffi and Mr. Tannin in July and August 2007 "about the circumstances surrounding the *loss* of Tannin's PC tablet." (Declaration of MaryAnn Sung, dated May 22, 2009, Ex. 1 at 19 (emphasis added)). According to the government, Mr. Tannin emailed another BSAM employee in July 2007 to say: "I wanted to inform you that my tablet is not on my desk. I am looking around just in case I misplaced it." Additionally, in August 2007, Mr. Cioffi is alleged to have stated that he understood that Mr. Tannin had lost the computer in London in 2006. Whatever one makes of these alleged statements, they are not a substitute for proof, given that they both relate only to what the government calls, as it must in absence of evidence to the contrary, the "loss" of the tablet PC.

Striking this irrelevant and unfair language from an indictment is particularly warranted here where the allegations improperly suggest the commission of an uncharged offense, namely obstruction of justice. In *United States* v. *Malachowski*, the indictment referenced an "obliterated serial number" in a count charging knowing possession of firearms. __F. Supp. 2d__, No. 08 Cr. 701, 2009 WL 1143102, at *6 (N.D.N.Y. Apr. 1, 2009). The court granted the defendant's motion to strike, finding that the reference could be construed as implying an intention to use the weapon during the commission of another crime. Yet no other crime involving the weapon had been charged. *Id.* Similarly, in this case, the language in the

3

indictment regarding the tablet computer and notebook may improperly cause some jurors to infer incorrectly that Mr. Tannin and Mr. Cioffi destroyed or concealed material evidence. But obstruction of justice has not been charged, and the government's particulars letter refers only to the items' "loss."

The extraneous references to the missing tablet computer and notebook inevitably will inflame, confuse and mislead the jury. And permitting the allegations to remain will, cause the jury improperly to require the defendants to prove that they were not responsible for the loss of the items. To prevent such manifest unfairness and prejudice, the court should strike this surplusage from the indictment.

## CONCLUSION

For the foregoing reasons, Mr. Cioffi and Mr. Tannin respectfully request that the court strike paragraph 56 and Heading I from the indictment as irrelevant and prejudicial under Federal Rule of Criminal Procedure 7(d).

Dated: May 22, 2009

Respectfully submitted,

| WILLIAMS & CONNOLLY LLP | BRUNE & RICHARD LLP |
|---|---|
| By: /s/ Margaret A. Keeley<br>Brendan V. Sullivan, Jr.<br>Dane H. Butswinkas<br>R. Hackney Wiegmann<br>Margaret A. Keeley<br>725 Twelfth Street, NW<br>Washington, DC 20005<br>Tel: (202) 434-5110<br>Fax: (202) 434-5029<br>mkeeley@wc.com | By: /s/ Susan E. Brune<br>Susan E. Brune<br>Nina M. Beattie<br>MaryAnn Sung<br>80 Broad Street<br>New York, New York 10004<br>Tel: (212) 668-1900<br>Fax: (212) 668-0315<br>sbrune@bruneandrichard.com |
| *Attorneys for Defendant Ralph Cioffi* | *Attorneys for Defendant Matthew Tannin* |