**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 08 Cr. 0415 (FB) |
| RALPH CIOFFI and MATTHEW TANNIN, | **ECF** |
| Defendants. | |

**RALPH CIOFFI'S PRELIMINARY REQUESTS TO CHARGE**

Brendan V. Sullivan, Jr.
Dane H. Butswinkas
R. Hackney Wiegmann
Margaret A. Keeley

WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Tel: (202) 434-5110
Fax: (202) 434-5029

*Attorneys for Defendant Ralph Cioffi*

Dated: October 30, 2009

# TABLE OF CONTENTS

GENERAL REQUESTS ..................................................................................................... 1

(Busey Bank Pledge Limiting Instruction) ......................................................................... 2

(Portfolio Manager's Duty to the Funds) ............................................................................ 3

(Duty to Disclose to Investors) ........................................................................................... 4

(Omissions) .......................................................................................................................... 5

(Elements of Conspiracy; 18 U.S.C. § 371) ....................................................................... 6

(First Element of Conspiracy—Existence of Agreement) .................................................. 8

(Alleged Unlawful Objectives Charged in Count 1—Need for Unanimity) ...................... 10

(Second Element of Conspiracy—Membership in Alleged Conspiracy) ........................... 11

(Second Element in Conspiracy— "Knowingly" Defined) ................................................. 12

(Second Element of Conspiracy— "Willfully" Defined) .................................................... 13

(Second Element of Conspiracy— "Specific Intent To Defraud" Defined) ....................... 14

(ALTERNATIVE: Second Element of Conspiracy—Standards Unclear) .......................... 15

(Third Element of Conspiracy—Overt Act) ....................................................................... 16

(Fourth Element of Conspiracy—During and in Furtherance of the Conspiracy) .............. 18

(Fifth Element of Conspiracy—Venue) .............................................................................. 19

(Elements of Securities Fraud; 15 U.S.C. §§ 78j(b) & 78ff(a); 17 C.F.R. § 240.10b-5) ... 20

(First Element of Securities Fraud—Untrue Statement of Fact) ....................................... 22

(Second Element of Securities Fraud--Materiality) .......................................................... 23

(Puffery; Forward Looking Statements; Optimism) ........................................................... 24

(Third Element of Securities Fraud--Reliance) .................................................................. 26

(Fourth Element of Securities Fraud—Knowingly, Willfully, and Specific Intent To
     Defraud) ........................................................................................................................ 28

(Fifth Element of Securities Fraud—In Connection with the Purchase or Sale of
     Security) ........................................................................................................................ 29

(Sixth Element of Securities Fraud—Use of Any Means of Interstate Commerce) ........... 31

(Securities Fraud--Venue) ................................................................................................... 32

(Elements of Insider Trading; 15 U.S.C. §§ 78j(b) & 78ff(a); 17 C.F.R. § 240.10b-5) ..... 33

(First Element of Insider Trading—Possession of Material Negative Nonpublic
     Information) ................................................................................................................... 35

(Second Element of Insider Trading—Trading on the Basis of Material Negative
     Nonpublic Information) ................................................................................................. 37

(Third Element of Insider Trading— "Insider") ........................................................ 39

(Fourth Element of Insider Trading—Duty to Disclose) ........................................... 40

(ALTERNATIVE: Fourth Element of Insider Trading—Duty to Disclose) ................................ 42

(Fifth Element of Insider Trading—Knowingly, Willfully, and Specific Intent To Defraud) ................................................................................................. 44

(Sixth Element of Insider Trading—In Connection with the Purchase or Sale of Any Security) .................................................................................................. 45

(Seventh Element of Insider Trading—Use of Any Means of Interstate Commerce) ................. 46

(Elements of Wire Fraud; 18 U.S.C. § 1343) ............................................................. 47

(First Element of Mail and Wire Fraud—Scheme To Defraud by Means of False and Fraudulent Representation) ................................................................................. 48

(Second Element of Wire Fraud—Materiality) ......................................................... 50

(Third Element of Wire Fraud—Knowingly Willfully, and Specific Intent To Defraud) .................................................................................................. 51

(Fourth Element of Wire Fraud—Use of Wires) ....................................................... 52

(Aiding and Abetting; 18 U.S.C. § 2) ....................................................................... 54

(First Element of Aiding and Abetting—Proof Crime Committed) ............................. 55

(Second Element of Aiding and Abetting—Participation) ......................................... 56

(Third Element of Aiding and Abetting—Knowingly and Willfully) ........................... 57

(Good Faith) .......................................................................................................... 58

## GENERAL REQUESTS

Mr. Cioffi respectfully submits proposed jury instructions, and requests leave to offer additional instructions during the course of the trial.  In addition, Mr. Cioffi respectfully requests that the Court charge the jury in its usual manner on the following subjects:

1.  Role of the Court and the Jury

2.  Jurors' Duties

3.  Government as a Party and Equality of All Parties Before the Court

4.  Indictment Is Not Evidence

5.  Evidence Defined

6.  Jurors' Recollection Controls

7.  Juror Notes

8.  Limited Use Evidence

9.  Credibility of Witnesses

10. Bias and Hostility

11. Government Employee Witnesses

12. Multiple Counts

13. Consider Each Defendant Separately

14. Defendant Has Absolute Right Not to Testify

15. Presumption of Innocence and Burden of Proof

16. Reasonable Doubt Defined

17. Each Element Must Be Established Beyond Reasonable Doubt

18. Verdict Must be Unanimous

## PROPOSED JURY INSTRUCTION NO. 1
**(Busey Bank Pledge Limiting Instruction)**

       The government has offered evidence concerning a pledge of Mr. Cioffi's hedge fund account to Busey Bank.  This evidence may be considered only to evaluate Mr. Cioffi's motive to transfer his hedge fund assets.  The defendants are not charged with defrauding Busey Bank or committing any impropriety in the dealings with that bank, so you may not consider that as evidence of guilt.  Nor are the defendants charged with defrauding Bear Stearns Asset Management ("BSAM") or committing any impropriety with regard to BSAM's evaluation, approval, or disapproval of this pledge, so you likewise may not consider that as evidence of guilt.  Consider this pledge evidence only for the limited purpose of assessing motive, and ignore it for all other purposes.

Tr. 10/5/09 at 8:2-11, 8:22-9:13.

## PROPOSED JURY INSTRUCTION NO. 2
### (Portfolio Manager's Duty to the Funds)

Mr. Cioffi and Mr. Tannin owed a fiduciary duty to the High Grade and Enhanced

Funds, not to each of the Funds' investors individually.  As hedge fund managers, Mr. Cioffi and

Mr. Tannin had an obligation to the High Grade and Enhanced Funds to undertake any and all

measures not otherwise prohibited by law to advance the interests of the Funds.


Goldstein v. S.E.C., 451 F.3d 873, 881 (D.C. Cir. 2006) ("The adviser owes fiduciary duties only
to the fund, not to the fund's investors. . . . If the investors are owed a fiduciary duty and the
entity is also owed a fiduciary duty, then the adviser will inevitably face conflicts of interest.
Consider an investment adviser to a hedge fund that is about to go bankrupt. His advice to the
fund will likely include any and all measures to remain solvent. His advice to an investor in the
fund, however, would likely be to sell.").

## PROPOSED JURY INSTRUCTION NO. 3
### (Duty to Disclose to Investors)

Mr. Cioffi and Mr. Tannin owed no fiduciary or other similar duty of disclosure to each of the Fund investors individually. Any and all disclosure obligations were limited to those set forth in the contractual documents governing the relationship between the Funds and the hedge fund investors. Mr. Cioffi and Mr. Tannin had no further disclosure obligations to Fund investors. Mr. Cioffi and Mr. Tannin had no duty to disclose to investors Mr. Cioffi's partial transfer from the Enhanced Fund to the Structured Risk Partners Fund. Mr. Cioffi and Mr. Tannin had no duty to disclose to investors internal deliberations among Fund employees. Mr. Cioffi and Mr. Tannin had no duty to disclose to investors other investors' redemptions from the Funds.

E.g., Goldstein v. SEC, 451 F.3d 873, 881 (D.C. Cir. 2006) ("it simply cannot be the case" that hedge fund managers are "the servants of two masters" by simultaneously owing fiduciary duties to the hedge fund and its investors); Confidential Offering Memorandum (Enhanced August 2006) at 7, 41 (no duty to disclose personal investment decisions); 6 Del. C. § 17-1101(c), (d) (governing Partnership Agreement) ("(c) It is the policy of this chapter to give maximum effect to the principle of freedom of contract and to the enforceability of partnership agreements. (d) To the extent that, at law or in equity, a partner or other person has duties (including fiduciary duties) to a limited partnership or to another partner or to another person that is a party to or is otherwise bound by a partnership agreement, the partner's or other person's duties may be expanded or restricted or eliminated by provisions in the partnership agreement; provided that the partnership agreement may not eliminate the implied contractual covenant of good faith and fair dealing."); Partnership Agreement (Enhanced August 31, 2006) at 27, 29; Articles of Association (Enhanced July 28, 2006) at 28, 30-31, 33.

## PROPOSED JURY INSTRUCTION NO. 4
### (Omissions)

The government has elicited testimony from investor witnesses that they "would have liked to have known" about Mr. Cioffi's fund-to-fund transfer, internal deliberations regarding closing or consolidating the Funds, or investor redemptions from the Fund.  Because Mr. Cioffi and Mr. Tannin had no obligation to make these disclosures, this testimony is irrelevant to the charges in this case.  You may not consider this testimony when determining whether the government has proved beyond a reasonable doubt the elements of any of the charges against the defendants.

In re Time Warner Securities Litigation, 9 F.3d 259, 267 (2d Cir. 1993) (In the public corporation context, a corporation "is not required to disclose a fact merely because a reasonable investor would very much like to know that fact.  Rather, an omission is actionable under the securities law only when the corporation is subject to a duty to disclose the omitted facts."); San Leandro Emergency Medical Group Profit Sharing Plan v. Philip Morris Companies, Inc., 75 F.3d 801, 810-11 (2d Cir. 1996) (no requirement to disclose internal deliberations regarding alternative marketing strategies).

**PROPOSED JURY INSTRUCTION NO. 5**
**(Elements of Conspiracy; 18 U.S.C. § 371)**

Count 1 of the Indictment charges the offense of conspiracy. The conspiracy is alleged to have occurred between March 2007 and June 2007, and to have involved only two members: Ralph Cioffi and Matt Tannin. To satisfy its burden of proof with respect to Count 1, the government must establish, as to the particular defendant you are considering, each of the following five essential elements beyond a reasonable doubt:

First, that the two named persons entered the unlawful agreement charged in the Indictment starting on or about March 2007;

Second, that the specific defendant you are considering became a member of the conspiracy knowingly, willfully, and with specific intent to defraud the investors in the hedge funds;

Third, that one of the two members of the conspiracy knowingly committed at least one of the overt acts charged in the Indictment;

Fourth, that the overt act or acts were committed during the existence of the alleged conspiracy for the purpose of advancing or helping the alleged conspiracy; and

Fifth, that either the agreement was formed or that an overt act was committed in the Eastern District of New York, which includes the boroughs of Queens, Brooklyn, Staten Island and the counties of Suffolk and Nassau, New York.[1]

You must be convinced that the government proved all five of these elements beyond a reasonable doubt in order to find the defendant you are considering guilty of the

---

[1] The Second Circuit has held venue need only be proven by a preponderance of the evidence. See United States v. Rommy, 506 F.3d 108, 119 (2d Cir. 2007). In light of Blakely v. Washington, 542 U.S. 296 (2004), however, every issue must be proven beyond a reasonable doubt, so defendants seek to preserve this argument for en banc or certiorari review.

conspiracy charge.  If you find, as to a particular defendant, that the government has failed to

prove one or more of these elements beyond a reasonable doubt, then you must acquit both

defendants of the conspiracy charge.


The Honorable Leonard B. Sand, U.S.D.J., Modern Federal Jury Instructions, Instruction 19-3
(hereinafter "Sand") (modified); United States v. Soto, 716 F.2d 989, 993 (2d Cir. 1983)
("'Where the crime charged is conspiracy, a conviction cannot be sustained unless the
Government establishes beyond a reasonable doubt that the defendant had the specific intent to
violate the substantive statute[s].'") (quoting United States v. Cangiano, 491 F.2d 906, 909 (2d
Cir. 1974)).

## PROPOSED JURY INSTRUCTION NO. 6
### (First Element of Conspiracy—Existence of Agreement)

The first element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that Mr. Cioffi and Mr. Tannin knowingly and willfully entered into an agreement to accomplish an unlawful act between March 2007 and June 2007. In this case, the government charges that the defendants entered into a single agreement to accomplish two unlawful objectives: securities fraud and wire fraud. I will define what each of those statutes means more thoroughly later in these instructions, and you should consider those definitions when evaluating whether the defendants reached an agreement to violate those statutes.

To meet its burden of proof on this element, the government must prove, beyond a reasonable doubt, that there was an agreement with respect to the essentials of this alleged plan. This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.

A conspiracy must have at least two members because a person cannot conspire with himself. In this case, the government has charged only the two defendants, and has agreed that none of the other people you have heard discussed in this case were part of a conspiracy. Therefore, you cannot find either defendant guilty unless you find beyond a reasonable doubt that the other defendant also agreed to enter the unlawful agreement charged in the Indictment.

Sand, Instruction 19-4 (modified); Sixth Circuit Pattern Criminal Jury Instruction 3.02 ("This does not require proof of any formal agreement, written or spoken. Nor does this require proof

- 8 -

that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.") (endorsed by Sand); <u>Morrison v. California</u>, 291 U.S. 82, 92 (1934) ("[A] person cannot conspire with himself."); <u>United States v. Cepeda</u>, 768 F.2d 1515, 1516 (2d Cir. 1985) ("[S]ince the act of agreeing is a group act, unless at least two people commit it no one does"); Letter from Government, May 8, 2009, at 1.

**PROPOSED JURY INSTRUCTION NO. 7**
**(Alleged Unlawful Objectives Charged in Count 1—Need for Unanimity)**

As I have instructed you, in order to find the defendants guilty on Count 1, you must unanimously agree that the government has proven beyond a reasonable doubt that the defendants knowingly and willfully entered into an agreement to commit an unlawful objective.

Your verdict must also be unanimous in another sense. Count 1 of the Indictment charges that the defendants agreed to commit securities fraud and wire fraud. You need not all agree that the government has proven both these objectives of the conspiracy, but all twelve of you must agree on the specific object the defendants agreed to try to accomplish. It is not enough to convict if some of you find that the government has proven an agreement to knowingly and willfully accomplish one unlawful objective while others of you find that the government has proven an agreement to accomplish a different unlawful objective. That is, all of you must agree that the defendants conspired to commit securities fraud. Or, all of you must agree that the defendants conspired to commit wire fraud. If you do not all agree unanimously that the government has proven beyond a reasonable doubt an agreement to knowingly and willfully accomplish the same unlawful objective, you must return a verdict of not guilty with respect to Count 1.

Sand, Instruction 9-7A (modified); United States v. Helmsley, 941 F.2d 71, 91 (2d Cir. 1991).

- 10 -

**PROPOSED JURY INSTRUCTION NO. 8**
**(Second Element of Conspiracy—Membership in Alleged Conspiracy)**


      The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly and willfully became a member of the conspiracy, and that the defendant joined the conspiracy with a specific intent to defraud the hedge fund investors.  I will explain what each of these three requirements mean separately, because it is important that you consider each of them separately, and determine whether each defendant entered the conspiracy knowingly, willfully, and with specific intent to defraud.

      I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.


Sand, Instruction 19-6 (modified).

## PROPOSED JURY INSTRUCTION NO. 9
### (Second Element in Conspiracy— "Knowingly" Defined)


You have been instructed that in order to sustain its burden of proof the government must prove that the defendant acted "knowingly" in joining the conspiracy. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. The key question for assessing knowledge is whether the defendant joined the conspiracy with an awareness of its basic aims and purposes of the unlawful agreement.


Sand, Instruction 3A-1 (modified).

**PROPOSED JURY INSTRUCTION NO. 10**
**(Second Element of Conspiracy— "Willfully" Defined)**

You have been instructed that in order to sustain its burden of proof the

government must also prove that the defendant acted willfully. "Willfully" means to act with

knowledge that one's conduct is unlawful and with the intent to do something the law forbids,

that is to say with the bad purpose and evil motive to disobey or to disregard the law. There

must be a realization on the defendant's part that he was doing a wrongful act, in a situation

where the knowingly wrongful act involved a significant risk of effecting the violation that has

occurred.

The defendant's conduct was not "willful" if it was due to negligence,

inadvertence, or mistake or was the result of a good faith misunderstanding of the requirement of

the law. It is for you to decide whether the defendant acted in good faith, that is, whether he

sincerely misunderstood the requirements of the law, or whether he knew what he was required

to do and deliberately did not do so.

Sand, Instruction 3A-3; United States v. Dixon, 536 F.2d 1388 (2d Cir. 1976) (holding that the lower court's scienter instruction was inadequate because it did not convey that the defendant had to have an "evil purpose"); United States v. Cassesse, 428 F.3d 92, 98 (2d Cir. 2005) (Willfulness requires "a realization on the defendant's part that he was doing a wrongful act, in a situation where the knowingly wrongful act involved a significant risk of effecting the violation that has occurred."); United States v. Dardi, 330 F.2d 316 (2d Cir. 1964) (affirming lower courts jury instructions about intent, "evil motive" and purpose).

**PROPOSED JURY INSTRUCTION NO. 11**
**(Second Element of Conspiracy— "Specific Intent To Defraud" Defined)**

You have been instructed that in order to sustain its burden of proof the government must also prove that the defendant acted with the specific intent to defraud the hedge fund investors.  Fraudulent intent is established when some actual harm or injury was contemplated by the schemer.  It can be described as a plan to deprive a person of something of value by trick, deceit, chicane or overreaching.  Thus, it is not enough for the government to prove that the defendant knowingly and willfully engaged in securities fraud; rather, the government must also prove beyond a reasonable doubt that the defendant acted with an intent to harm the investors in the funds.

United States v. Gole, 158 F.3d 166, 16768 (2d Cir. 1998); Dinome, 86 F.3d at 283; United States v. D'Amato, 39 F.3d 1249, 1257 (2d Cir.1994); United States v. Soto, 716 F.2d 989, 993 (2d Cir. 1983); United States v. Autori, 212 F.3d 105, 115 (2d Cir. 2000) (quoting McNally v. United States, 483 U.S. 350, 358 (1987)) (There must be a plan to deprive a person "'of something of value by trick, deceit, chicane or overreaching.'").

**PROPOSED JURY INSTRUCTION NO. 12**
**(ALTERNATIVE: Second Element of Conspiracy—Standards Unclear)**

*[NOTE: Mr. Cioffi respectfully requests that this Alternative Instruction be given in the event the Court does not charge the jury with Proposed Jury Instruction No. 2 (Portfolio Manager's Duty to the Fund) and Proposed Jury Instruction No. 3 (Duty to Disclose to Investors). This instruction is not necessary if the Court charges the jury with Proposed Jury Instruction Nos. 2 and 3.]*

If the law or disclosure standards were vague, unclear, or subject to more than one interpretation, or if a defendant believed that the law or the applicable disclosure standards were vague, unclear, or subject to more than one interpretation, a defendant cannot be found to have acted knowingly, willfully, and with a specific intent to defraud. That is to say, the defendant cannot be found to have entered into an agreement to knowingly and willfully achieve any of the unlawful objectives charged in Count 1.

The government has the burden of proving beyond a reasonable doubt that the law and the applicable disclosure standards were clear and that the defendant understood the law and the disclosure standards in question. If the government fails to satisfy this burden of proof, you must enter a verdict of not guilty.

United States v. Whiteside, 285 F.3d 1345, 1351 (11th Cir. 2002); United States v. Pirro, 212 F.3d 86, 90-91 (2d Cir. 2000); Siddiqi v. United States, 98 F.3d 1427, 1439 (2d Cir. 1996); United States v. Migliaccio, 34 F.3d 1517, 1525 (10th Cir. 1994); United States v. Levin, 973 F.2d 463 (6th Cir. 1992); Funke v. Life Fin. Corp., 237 F. Supp. 2d 458, 468-69 (S.D.N.Y. 2002).

## PROPOSED JURY INSTRUCTION NO. 13
### (Third Element of Conspiracy—Overt Act)

The third element which the government must prove beyond a reasonable doubt, to establish the offense of conspiracy, is that at least one of the overt acts charged in the Indictment was knowingly committed by at least one of the conspirators, at or about the time and place alleged.  The government has charged six overt acts. They are:

  a. On March 7, 2007, CIOFFI told a Bear Stearns broker, whose identity is known to the Grand Jury, that the Funds presented an "awesome opportunity."

  b. On or about March 21, 2007, TANNIN told a Bear Stearns broker, whose identity is known to the Grand Jury, that he was adding money to his personal investment in the Enhanced Fund.

  c. On April 25, 2007, CIOFFI participated in an investor conference call during which he made material misrepresentations and omitted material facts.

  d. On April 25, 2007, TANNIN participated in an investor conference call during which he made material misrepresentations and omitted material facts.

  e. On May 3, 2007, TANNIN told a Repo counterparty that he anticipated no large redemptions.

  f. In or about mid-May 2007, CIOFFI told a Bear Stearns broker, whose identity is known to the Grand Jury, that he had $5.5 million personally invested in the Funds.

In order for the government to satisfy the requirement of an overt act, it is not required that all six of the overt acts alleged in the Indictment be proven. However, the government must prove

- 16 -

beyond a reasonable doubt that at least one of these acts was committed by a member of the alleged conspiracy.  All twelve of you must agree on the same overt act.

Similarly, you need not find that both defendants committed an overt act; it is sufficient for the government to show that one of the two defendants knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of the other members of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the Indictment. It is sufficient if you are convinced beyond a reasonable doubt, that it occurred at or about the time and place stated.

Sand, Instruction 19-7 (modified).

**PROPOSED JURY INSTRUCTION NO. 14**
**(Fourth Element of Conspiracy—During and in Furtherance of the Conspiracy)**

The fourth element which the government must prove beyond a reasonable doubt is that the overt act was committed for the purpose of carrying out the unlawful agreement.

In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy—that is, for the objective of committing wire fraud or securities fraud as charged in the Indictment.

In addition, the government must prove beyond a reasonable doubt that such overt act was knowingly done, by at least one coconspirator, during the existence of the alleged conspiracy.  Here, the government has alleged the conspiracy began in or around March 2007, and ended in or around June 2007.  You may not consider overt acts that occurred prior to the existence of the conspiracy in March 2007.

Sand, Instruction 19-8 (modified); United States v. Sacco, 436 F.2d 780, 783 (2d Cir. 1971).

## PROPOSED JURY INSTRUCTION NO. 15
### (Fifth Element of Conspiracy—Venue)

The fifth and final element the government must prove beyond a reasonable doubt

is that either the agreement was formed or that any overt act was committed in the Eastern

District of New York.  I instruct you that the Eastern District of New York includes the boroughs

of Queens, Brooklyn, Staten Island and the counties of Suffolk and Nassau, New York.[2]


Sand, Instruction 3-11 (modified).

---

[2] The Second Circuit has held venue need only be proven by a preponderance of the evidence. See United States v. Rommy, 506 F.3d 108, 119 (2d Cir. 2007).  In light of Blakely v. Washington, 542 U.S. 296 (2004), however, every issue must be proven beyond a reasonable doubt, so defendants seek to preserve this argument for en banc or certiorari review.

**PROPOSED JURY INSTRUCTION NO. 16**
**(Elements of Securities Fraud; 15 U.S.C. §§ 78j(b) & 78ff(a); 17 C.F.R. § 240.10b-5)**

Counts 2 and 3 of the Indictment charge Mr. Cioffi and Mr. Tannin with securities fraud. Mr. Cioffi and Mr. Tannin have pleaded not guilty to these charges. The government, therefore, has the burden of proving each of the elements of securities fraud beyond a reasonable doubt as to each count and each defendant.

To satisfy its burden of proof with respect to any of these charges, the government is required to prove each of the following six elements beyond a reasonable doubt with respect to the defendant and count you are considering:

First, between March 2007 and June 2007, the defendant made an untrue statement of fact regarding the High Grade Fund to hedge fund investors in the High Grade Fund (Count 2) or made an untrue statement of fact regarding the Enhanced Fund to hedge fund investors in the Enhanced Fund (Count 3);

Second, the untrue statement of fact was material;

Third, the hedge fund investors in the appropriate fund reasonably relied on the defendant's untrue statement of material fact;

Fourth, the defendant acted knowingly, willfully, and with a specific intent to defraud hedge fund investors in the Funds;

Fifth, the defendant's acts were in connection with the purchase or sale of an interest in the High Grade Fund (Count 2) or Enhanced Fund (Count 3); and

Sixth, in connection with this purchase or sale of an interest in the High Grade Fund (Count 2) or Enhanced Fund (Count 3), the defendant used or caused the use of any means

or instrumentality of interstate commerce, or of the mails, or of any facility of any national stock exchange.

You must be convinced that the government has proven all six of these elements beyond a reasonable doubt in order to find the defendant whom you are considering guilty of the count at issue. If you find that the government has failed to prove any of these elements beyond a reasonable doubt with respect to the defendant and the count that you are considering, then you must return a verdict of not guilty with respect to that defendant on that count.

O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, Criminal § 62.07 (modified) (hereinafter "O'Malley"); Ninth Circuit, Model Jury Instructions, § 9.7 (modified); 15 U.S.C. §§ 78(j)(b) & 78ff(a); 17 C.F.R. 240.10b-5; Lawrence v. Cohn, 325 F.3d 141, 147 (2d Cir. 2003).

**PROPOSED JURY INSTRUCTION NO. 17**
**(First Element of Securities Fraud—Untrue Statement of Fact)**

       The first element that the government must prove beyond a reasonable doubt is that the defendant made an untrue statement of fact regarding the High Grade Fund to hedge fund investors in the High Grade Fund (Count 2) or made an untrue statement of fact regarding the Enhanced Fund to hedge fund investors in the Enhanced Fund (Count 3).

## PROPOSED JURY INSTRUCTION NO. 18
### (Second Element of Securities Fraud--Materiality)

The second element the government must prove beyond a reasonable doubt is that the statement was misleading as to a material fact.  It is not enough that a statement is false or incomplete, if the misrepresented fact is otherwise insignificant.  Rather, the government must prove beyond a reasonable doubt that the misleading information would have been reasonably likely to influence a reasonable hedge fund investor under the circumstances in making a determination required to be made.

Your consideration of the element of materiality must be based on the facts existing when the alleged representations were made.  Materiality cannot be judged by hindsight.

Basic Inc. v. Levinson, 485 U.S. 224 (1988) ("It is not enough that a statement is false or incomplete, if the misrepresented fact is otherwise insignificant."); United States v. Rigas, 290 F.3d 208, 234 (2d Cir. 2008) (misleading information would have been "reasonably likely to influence" a reasonable hedge fund investor under the circumstances "in making a determination required to be made") (citing Weinstock v. United States, 231 F.2d 699, 701 (D.C. Cir. 1956) ("materiality must be judged by the facts and circumstances in the particular case")); ABA, Model Jury Instructions:  Securities Litigation § 2.03[2][a] (modified)

- 23 -

## PROPOSED JURY INSTRUCTION NO. 19
### (Puffery; Forward Looking Statements; Optimism)

Even if a statement is untrue or misleading, it is not material and cannot support a charge of securities fraud if it constitutes puffery or sales talk that no reasonable hedge fund investor would consider important in deciding whether to invest or redeem from the Funds. People in charge of an enterprise are not required to take a gloomy, fearful or defeatist view of the future; subject to what current data indicates, they can be expected to be confident about their stewardship and the prospects of the business that they mange. For that reason, marketing pitches, expressions of general optimism, self-praise, and similar corporate cheerleading may be immaterial because they qualify as mere puffery, the type of superlatives that are common in business, and therefore are not the type of statements upon which a reasonable hedge fund investor would rely.

Statements of optimism and opinion are also not considered material when accompanied by cautionary language or disclosures, such as the disclosures of risks in the Funds' offering documents. Statements that are accompanied by appropriate cautionary language and disclosures of risk cannot be considered material and cannot support a securities fraud charge. Likewise, statements of mere belief or disbelief in current or future events, not accompanied by objective evidence . . . that the statement also expressly or impliedly asserted something false or misleading about its subject matter, are not material as a matter of law, because no one would reasonably rely on another person's ability to predict the future.

 Shields v. Citytrust Bancorp., 25 F.3d 1124, 1129-30 (2d Cir. 1994) ("People in charge of an enterprise are not required to take a gloomy, fearful or defeatist view of the future; subject to what current data indicates, they can be expected to be confident about their stewardship and the prospects of the business that they mange."); Rombach v. Chang, 355 F.3d 164, 174 (2d Cir. 2004); Vulcan Metals Co. v. Simmons Mfg. Co., 248 F. 853, 857 (2d Cir. 1918) (Hand, J.); Eca & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co., 553 F.3d 187, 197-98

(2d Cir. 2009); <u>San Leandro Emergency Medical Group Profit Sharing Plan v. Phillip Morris Comp., Inc.</u>, 75 F.3d 801 (2d Cir. 1996); <u>Parnes v. Gateway 2000</u>, 122 F.3d 539, 548 (7th Cir. 1997); <u>Va. Bankshares v. Sandberg</u>, 501 U.S. 1083, 1095-96 (1991) (statements of mere belief or disbelief in current or future events, not accompanied by objective evidence . . . that the statement also expressly or impliedly asserted something false or misleading about its subject matter, are not material as a matter of law).

## PROPOSED JURY INSTRUCTION NO. 20
### (Third Element of Securities Fraud--Reliance)

The third element the government must prove beyond a reasonable doubt is that the hedge fund investors justifiably relied on an untrue statement of material fact.

In order to satisfy this element, the government must prove that investors in the High Grade Fund (Count 2) or investors in the Enhanced Fund (Count 3) heard the false statement concerning their fund and relied on it, and that the investors' reliance was reasonable and justified.

If you find that the investors would have engaged in the transactions anyway, such that the misrepresentation or omission had no effect on his decision, then there was no reliance, and this element is not satisfied.

In addition, the investor's reliance must be justified. The government cannot satisfy this element if the investor acted unjustifiably in that he knew the truth, or he knew the statement was false, or he failed to act with due diligence and traded anyway. In this regard, you may consider the investor's sophistication in determining whether his reliance on the defendant was justified.

As to each defendant, if the government fails to prove beyond a reasonable doubt that the hedge fund investors justifiably relied on an untrue statement of material fact, you must find the defendant not guilty.

Bender, Modern Federal Jury Instructions—Civil, Securities Fraud, Instruction 82-7; United States v. Schlisser, 168 Fed. Appx. 483, 486 (2d Cir. 2006) (noting "the uncertainty at this time as to whether a criminal 10b violation requires an actual reliance charge" but noting that reliance is required in civil cases, and criminal cases usually require the same or higher standard); Dura

Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336 (2005) (interpreting identical language in 10b-5 in the civil context to require actual reliance); United States v. Wiltberger, 18 U.S. 76  (1820); United States v. Enmons, 410 U.S. 396, 411 (1973).

## PROPOSED JURY INSTRUCTION NO. 21
### (Fourth Element of Securities Fraud—Knowingly, Willfully, and Specific Intent To Defraud)

The fourth element that the government must establish beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, willfully and with specific intent to defraud the investors in the hedge funds.

I have already defined these terms for you when we discussed conspiracy, and you should look back to those full definitions and apply them here. Just to repeat briefly, a person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose and evil motive to disobey or to disregard the law. Intent to defraud is established when some actual harm or injury was contemplated by the schemer.

[Finally, as we discussed before, if the law or disclosure standards were vague, unclear, or subject to more than one interpretation, a defendant cannot be found to have acted knowingly, willfully, and with a specific intent to defraud.]

Sand, Instruction 3A-1, A-3 (modified); United States v. Dardi, 330 F.2d 316 (2d Cir. 1964) (affirming lower courts jury instructions about intent, evil motive and purpose); United States v. Dixon, 536 F.2d 1388 (2d Cir. 1976) (holding that the lower court's scienter instruction was inadequate because it did not convey that the Defendant had to have an "evil purpose"); United States v. Cassese, 428 F.3d 92, 98 (2d Cir. 2005); United States v. Gole, 158 F.3d 166, 16768 (2d Cir. 1998); Dinome, 86 F.3d at 283; United States v. D'Amato, 39 F.3d 1249, 1257 (2d Cir.1994); United States v. Soto, 716 F.2d 989, 993 (2d Cir. 1983); United States v. Whiteside, 285 F.3d 1345, 1351 (11th Cir. 2002); United States v. Pirro, 212 F.3d 86, 90-91 (2d Cir. 2000); Siddiqi v. United States, 98 F.3d 1427, 1439 (2d Cir. 1996); United States v. Migliaccio, 34 F.3d 1517, 1525 (10th Cir. 1994); United States v. Levin, 973 F.2d 463 (6th Cir. 1992).

**PROPOSED JURY INSTRUCTION NO. 22**
**(Fifth Element of Securities Fraud—In Connection with the Purchase or Sale of Security)**

        The fifth element that the government must prove beyond a reasonable doubt is that an investor purchased or sold interests in the High Grade Fund (Count 2) or the Enhanced Fund (Count 3), and that the purchase or sale of the interests was made in connection with the alleged untrue statements of material fact.

        First, there must be a purchase or sale of a security.  This means that the transfer of ownership of an asset is required for a purchase and sale.  Simply continuing to holding a security does not qualify.

        Second, to satisfy the "in connection with" requirement, the government must prove beyond a reasonable doubt that there was some nexus or relationship between the alleged untrue statements of material fact and the purchase or sale of interests in the Funds.  The misrepresentations must have some direct pertinence to a securities transaction.  Evidence that defendants made untrue statements or omissions of material fact *following* an investment in the Funds is inadequate.  Likewise, evidence that investors purchased or sold interests in spite of defendants' alleged untrue statements of material fact is insufficient.  Instead, the government must prove beyond a reasonable doubt that investors actually purchased or sold some or all of their investments in the Funds in connection with the defendants' alleged untrue statements of material fact.

O'Malley, § 62.11 (modified); Kelter v. Apex Equity Options Fund, LP, No. 08 Civ.
2911(NRB)(S.D.N.Y. Aug. 24, 2009)("it is clear in this Circuit that 'the requirement of fraud in
connection with the purchase or sale of a security is not satisfied by an allegation that plaintiff[ ]
w[as] induced fraudulently not to sell [his] securities'")(quoting Abrhamson v. Fleschner, 568

F.2d 862, 868 (2d Cir. 1977)); <u>United States v. Kelley</u>, 551 F.3d 171, 175 (2d Cir. 2009) (per curiam) (recognizing that other courts have held that misrepresentations that occur after the purchase or sale of a security are not "in connection").

## <u>PROPOSED JURY INSTRUCTION NO. 23</u>
### (Sixth Element of Securities Fraud—Use of Any Means of Interstate Commerce)

The sixth and final element that the government must prove beyond a reasonable doubt is that the defendant knowingly used, or caused to be used, the mails, or any means or instruments of transportation or communication in interstate commerce in furtherance of the scheme to defraud or fraudulent conduct.

It is not necessary that a defendant be directly or personally involved in any mailing or use of an instrumentality of interstate commerce. If the defendant was an active participant in the scheme and took steps or engaged in conduct which he knew or could reasonably foresee would naturally and probably result in the use of the mails, then you may find that he caused the mails or instrumentality of interstate commerce to be used.

Sand, Instruction 57-25 (modified).

**PROPOSED JURY INSTRUCTION NO. 24**
**(Securities Fraud--Venue)**


In addition to the foregoing elements of the offense, you must consider whether any act in furtherance of the crime occurred within the Eastern District of New York, and you must find that it did beyond a reasonable doubt.

I instruct you that the Eastern District of New York includes the boroughs of Queens, Brooklyn, Staten Island and the counties of Suffolk and Nassau, New York. The Eastern District does not include the borough of Manhattan, or any other locations besides the places named.[3]


Sand, Instruction 3-11 (modified).

---

[3] The Second Circuit has held venue need only be proven by a preponderance of the evidence. See United States v. Rommy, 506 F.3d 108, 119 (2d Cir. 2007). In light of Blakely v. Washington, 542 U.S. 296 (2004), however, every issue must be proven beyond a reasonable doubt, so defendants seek to preserve this argument for en banc or certiorari review.

**PROPOSED JURY INSTRUCTION NO. 25**
**(Elements of Insider Trading; 15 U.S.C. §§ 78j(b) & 78ff(a); 17 C.F.R. § 240.10b-5)**

Count 4 of the Indictment charges Mr. Cioffi with insider trading.  Mr. Cioffi has pleaded not guilty to this charge.[4]  The government, therefore, has the burden of proving each of the following seven elements of insider trading beyond a reasonable doubt:

First, Mr. Cioffi was in possession of material negative nonpublic information;

Second, Mr. Cioffi traded an interest in the Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Fund, L.P. (the "Enhanced Fund") on the basis of such material negative nonpublic information;

Third, Mr. Cioffi was an insider of the Enhanced Fund;

Fourth, Mr. Cioffi had a fiduciary or other similar duty to disclose to the individual hedge fund investors in the Enhanced Fund;

Fifth, Mr. Cioffi acted knowingly, willfully, and with a specific intent to defraud the individual hedge fund investors in the Enhanced Fund;

Sixth, Mr. Cioffi's acts were in connection with the purchase or sale of an interest in the Enhanced Fund;

Seventh, in connection with this purchase or sale of his interest in the Enhanced Fund, Mr. Cioffi used or caused the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national stock exchange.

---

[4] Mr. Cioffi objects to submitting this count to the jury because as a matter of law Mr. Cioffi owes no duty to disclose to the Fund investors individually and specifically no duty to disclose his transfer of his personal investment.  Accordingly, there can be no violation of Section 10(b) when – as here – the allegation of fraud is based upon nondisclosure and there exists no duty to disclose.  See Chiarella v. United States, 445 U.S. 222, 235 (1980); Goldstein v. SEC, 451 F.3d 873, 881 (D.C. Cir. 2006).

- 33 -

You must be convinced that the government has proven all seven of these elements beyond a reasonable doubt in order to find Mr. Cioffi guilty of the count you are considering.  If you find that the government has failed to prove any of these elements beyond a reasonable doubt with respect to the count that you are considering, you must return a verdict of not guilty on that count.

Sand §§ 57-23 – 57-25 (modified); O'Malley, § 62.07 (modified); Ninth Circuit, <u>Model Jury Instructions</u>, § 9.7 (modified); 15 U.S.C. §§ 78j(b) & 78ff(a); 17 C.F.R. 240.10b-5.

## PROPOSED JURY INSTRUCTION NO. 26
### (First Element of Insider Trading—Possession of Material Negative Nonpublic Information)

The first element of insider trading that the government must prove beyond a reasonable doubt is that the defendant was in possession of information that was "material," negative, and nonpublic.

The government contends that Mr. Cioffi "sold shares he owned in the Enhanced Fund while in possession of material non-public information regarding the Funds' prospects." For purposes of this element, you may consider only whether Mr. Cioffi was in possession of material, non-public information concerning the Enhanced Fund.  You may not consider whether he was in possession of material, non-public information concerning the High Grade Fund or the SRP Fund.

The government must establish that such information was "material."  To do so, the government must prove beyond a reasonable doubt that a reasonable investor in the hedge funds would have considered the information important in deciding whether to purchase or sell interests in the Enhanced Fund at the time Mr. Cioffi made his fund-to-fund transfer.  Count 4 of the Indictment alleges that Mr. Cioffi sold interests he owned in the Enhanced Fund on or about and between March 23, 2007 and April 1, 2007.

The statute under which Count 4 of the Indictment is brought is concerned only with material information and does not cover minor, meaningless, or unimportant information. Information is material only if a reasonable investor would have viewed the information as having significantly altered the total mix of information available.

Even if the government can establish that the information was material, it must also prove beyond a reasonable doubt that the information was nonpublic.  Information may be

- 35 -

considered public for insider trading purposes even though there has been no public

announcement and only a small number of people know of it.

If you find that the government has failed to prove beyond a reasonable doubt that

Mr. Cioffi sold interests he owned in the Enhanced Fund while in possession of negative

information regarding the Fund's liquidity, the Fund's redemptions and the Fund's prospects and

that this information was both material and nonpublic, you must return a verdict of not guilty

with respect to Count 4.

Ind. ¶ 65, Count 4; Sand, Instruction 57-23 (modified); O'Malley, § 62.14 (modified); <u>Basic Inc.
v. Levinson</u>, 485 U.S. 224, 231-32 (1988); <u>United States v. Smith</u>, 155 F.3d 1051, 1064 (9th Cir.
1998); <u>SEC v. Warde</u>, 151 F.3d 42, 47 (2d Cir. 1998); <u>United States v. Libera</u>, 989 F.2d 596, 601
(2d Cir. 1993).

<u>PROPOSED JURY INSTRUCTION NO. 27</u>
**(Second Element of Insider Trading—Trading on the Basis of Material Negative Nonpublic Information)**

A second essential element of insider trading that the government must prove beyond a reasonable doubt is that Mr. Cioffi sold interests he owned in the Enhanced Fund on the basis of material negative nonpublic information.

To do so, the government must prove beyond a reasonable doubt that Mr. Cioffi knew that he was in possession of material negative nonpublic information. The government must also prove a causal relationship between the material negative nonpublic information that the defendant knowingly possessed and the defendant's trading. That is, the government must prove that the defendant sold interests he owned in the Enhanced Fund because of material negative nonpublic information that he knowingly possessed.[5] However, the government need not prove that the defendant sold interests in the Enhanced Fund solely because of the material negative nonpublic information. It is enough if the government proves beyond a reasonable doubt that such information was a significant factor in Mr. Cioffi's decision to sell interests in the Enhanced Fund.

---

[5] The Second Circuit has held that the government need only show the defendant traded while in "knowing possession" of nonpublic information material to those trades, as opposed to requiring proof that the defendants "used" such information in making the trades. <u>United States v. Royer</u>, 549 F.3d 886, 899 (2d Cir. 2008) (adhering to the knowing possession standard articulated in <u>United States v. Teicher</u>, 987 F.2d 112, 119-21 (2d Cir.1993)). Nevertheless, the weight of authority as well as the language of § 10(b) of the Securities Exchange Act of 1934 support a requirement that the government establish that Mr. Cioffi actually *used* material non-public information in deciding to buy or sell. <u>See United States v. Smith</u>, 155 F.3d 1051, 1066-69 (9th Cir. 1998) (analyzing and criticizing <u>Teicher</u> as both contrary to the language of § 10(b) and SEC Rule § 10b-5 as well as contrary to weight of Supreme Court authority); <u>see also</u> <u>SEC v. Alder</u>, 137 F.3d 1325, 1337-39 (11th Cir. 1998).

- 37 -

If the government proves beyond a reasonable doubt that Mr. Cioffi was in knowing possession of material negative nonpublic information, but the government fails to prove beyond a reasonable doubt that this information was a significant factor in Mr. Cioffi's decision to trade in interests in the Enhanced Fund, you must find him not guilty on Count 4.

United States v. Smith, 155 F.3d 1051, 1066 (9th Cir. 1998); SEC v. Adler, 137 F.3d 1325, 1337-39 (11th Cir. 1998); United States v. O'Hagan, 521 U.S. 642, 656 (1997) (stating that fraud is consummated "not when the fiduciary gains the confidential information, but when, without disclosure to his principal, he uses the information to purchase or sell securities" (emphasis added)).  But see United States v. Teicher, 987 F.2d 112, 120-21 (2d Cir. 1993) (suggesting that court would apply knowing possession standard, but declining to reach issue).

## PROPOSED JURY INSTRUCTION NO. 28
### (Third Element of Insider Trading— "Insider")

If you find unanimously that the government has proven beyond a reasonable doubt that Mr. Cioffi traded interests in the Enhanced Fund on the basis of material negative nonpublic information, you must determine the third element of insider trading, whether Mr. Cioffi was an insider of the Enhanced Fund.

Persons who are corporate officers, directors and controlling shareholders are considered "insiders" for purposes of this rule.

Sand, Instruction 57-23 (modified).

**PROPOSED JURY INSTRUCTION NO. 29**
**(Fourth Element of Insider Trading—Duty to Disclose)**

If you find unanimously that the government has proven beyond a reasonable doubt that Mr. Cioffi was an insider of the Enhanced Fund and he traded an interest in the Enhanced Fund on the basis of material negative nonpublic information, you must determine the fourth element of insider trading, whether Mr. Cioffi owed a fiduciary or other similar duty to Enhanced Fund investors to disclose material negative non-public information prior to trading an interest in the Enhanced Fund.

It is insufficient for the government to prove that Mr. Cioffi traded an interest in the Enhanced Fund based on negative non-public information. The government must also prove beyond a reasonable doubt that Mr. Cioffi owed Fund investors a fiduciary or other similar duty to disclose such information. The mere possession of nonpublic or "inside" information does not impose any duty on the defendant to disclose material inside information before trading or refraining from trading. There must exist a relationship of trust and confidence between the defendant and the individual Fund investors that created such a duty. It is the breach of that duty that provides the basis for the government's charge that the defendant unlawfully engaged in insider trading.

A hedge fund manager owes a fiduciary duty only to the fund he manages. A hedge fund manager does not owe a fiduciary or other similar duty to each of the investors individually in the hedge fund. As a hedge fund manager of the Enhanced Fund, Mr. Cioffi owed a fiduciary duty only to the Fund; he did not owe a fiduciary or other similar duty to each of the Fund investors individually.

If the government fails to prove beyond a reasonable doubt that Mr. Cioffi had a

fiduciary or other duty to disclose material negative nonpublic information to Fund investors,

you must find him not guilty of Count 4.


Sand, Instruction 57-23 (modified); Chiarella v. United States, 445 U.S. 222, 229 (1980) ("[O]ne who fails to disclose material information prior to the consummation of a transaction commits fraud only when he is under a duty to do so. And the duty to disclose arises when one party has information 'that the other [party] is entitled to know because of a fiduciary or other similar relation of trust and confidence between them.'") (second alteration in original) (quoting Restatement (Second) of Torts § 551(2)(a)(1977)); id. at 235 ("When an allegation of fraud is based upon nondisclosure, there can be no fraud absent a duty to speak. We hold that a duty to disclose under § 10(b) does not arise from the mere possession of nonpublic market information."); Goldstein v. SEC, 451 F.3d 873, 881 (D.C. Cir. 2006) ("The adviser owes fiduciary duties only to the fund, not to the fund's investors.").

## PROPOSED JURY INSTRUCTION NO. 30
### (ALTERNATIVE: Fourth Element of Insider Trading—Duty to Disclose)

*[NOTE: Mr. Cioffi respectfully requests that this Alternative Instruction be given in the event the Court does not charge the jury with Proposed Jury Instruction No. 29 (Duty to Disclose).  This instruction is not necessary if the Court charges the jury with Proposed Jury Instruction No. 29].*

If you find unanimously that the government has proven beyond a reasonable doubt that Mr. Cioffi was an insider of the Enhanced Fund and he traded an interest in the Enhanced Fund on the basis of material negative nonpublic information, you must determine the fourth element of insider trading, whether Mr. Cioffi owed a fiduciary or other similar duty to Enhanced Fund investors to disclose material negative non-public information prior to trading an interest in the Enhanced Fund.

It is insufficient for the government to prove that Mr. Cioffi traded an interest in the Enhanced Fund based on negative non-public information.  The government must also prove beyond a reasonable that Mr. Cioffi owed Fund investors a fiduciary or other similar duty to disclose such information.  The mere possession of nonpublic or "inside" information does not impose any duty on the defendant to disclose material negative inside information before trading or refraining from trading.  There must exist a relationship of trust and confidence between the defendant and the individual Fund investors that created such a duty.  It is the breach of that duty that provides the basis for the government's charge that the defendant unlawfully engaged in insider trading.

At the heart of the fiduciary relationship lies reliance, and de facto control and dominance.  Fiduciary relationships arise where one party has the power and opportunity to take advantage of the other, because of that other's susceptibility or vulnerability.  In order for a

- 42 -

fiduciary relationship to exist, the fiduciary must have discretionary authority and the other party

must depend on the fiduciary to serve his interests.  The mere fact that a business relationship

arises between two persons does not mean that either owes a fiduciary obligation to the other.

If the government fails to prove beyond a reasonable doubt that Mr. Cioffi had a

fiduciary or other duty to disclose material negative nonpublic information to Fund investors,

you must find him not guilty of Count 4.

Sand, Instruction 57-23 (modified); <u>Chiarella v. United States</u>, 445 U.S. 222, 229 (1980); <u>United States v. Falcone</u>, 257 F.3d 226, 234 (2d Cir. 2001); <u>United States v. Chestman</u>, 947 F.2d 551, 568-69 (2d Cir. 1991) ("At the heart of the fiduciary relationship lies reliance, and de facto control and dominance."); <u>Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.</u>, 696 F. Supp. 57, 75 (D. Del. 1988).

## PROPOSED JURY INSTRUCTION NO. 31
### (Fifth Element of Insider Trading—Knowingly, Willfully, and Specific Intent To Defraud)

The fifth element that the government must establish beyond a reasonable doubt is that the defendant participated in the insider trading knowingly, willfully and with specific intent to defraud the investors in the hedge funds.

I have already defined these terms for you when we discussed conspiracy, and you should look back to those full definitions and apply them here. Just to repeat briefly, a person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose and evil motive to disobey or to disregard the law. Intent to defraud is established when some actual harm or injury was contemplated by the schemer.

[Finally, as we discussed before, if the law or disclosure standards were vague, unclear, or subject to more than one interpretation, a defendant cannot be found to have acted knowingly, willfully, and with a specific intent to defraud.]

Sand, Instruction 3A-1, A-3 (modified); United States v. Dardi, 330 F.2d 316 (2d Cir. 1964) (affirming lower courts jury instructions about intent, evil motive and purpose); United States v. Dixon, 536 F.2d 1388 (2d Cir. 1976) (holding that the lower court's scienter instruction was inadequate because it did not convey that the Defendant had to have an "evil purpose"); United States v. Cassesse, 428 F.3d 92, 98 (2d Cir. 2005); United States v. Gole, 158 F.3d 166, 16768 (2d Cir. 1998); Dinome, 86 F.3d at 283; United States v. D'Amato, 39 F.3d 1249, 1257 (2d Cir.1994); United States v. Soto, 716 F.2d 989, 993 (2d Cir. 1983); United States v. Whiteside, 285 F.3d 1345, 1351 (11th Cir. 2002); United States v. Pirro, 212 F.3d 86, 90-91 (2d Cir. 2000); Siddiqi v. United States, 98 F.3d 1427, 1439 (2d Cir. 1996); United States v. Migliaccio, 34 F.3d 1517, 1525 (10th Cir. 1994); United States v. Levin, 973 F.2d 463 (6th Cir. 1992).

- 44 -

**PROPOSED JURY INSTRUCTION NO. 32**
**(Sixth Element of Insider Trading—In Connection with the Purchase or Sale of Any Security)**

Count 4 of the Indictment alleges insider trading in connection with the sale of interests in the Enhanced Fund.  The government must prove beyond a reasonable doubt, therefore, that there were sales of interests in the Enhanced Fund and that the alleged insider trading had some relationship to or was connected with these sales or purchases.

If you find that the government has failed to prove this element beyond a reasonable doubt, you must return a verdict of not guilty with respect to Count 4.

O'Malley, § 62.11 (modified).

## PROPOSED JURY INSTRUCTION NO. 33
**(Seventh Element of Insider Trading—Use of Any Means of Interstate Commerce)**

The seventh and final element that the government must prove beyond a reasonable doubt is that the defendant knowingly used, or caused to be used, the mails, or any means or instruments of transportation or communication in interstate commerce in furtherance of the insider trading.

It is not necessary that a defendant be directly or personally involved in any mailing or use of an instrumentality of interstate commerce. If the defendant was an active participant in the scheme and took steps or engaged in conduct which he knew or could reasonably foresee would naturally and probably result in the use of the mails, then you may find that he caused the mails or instrumentality of interstate commerce to be used.

Sand, Instruction 57-25 (modified).

## PROPOSED JURY INSTRUCTION NO. 34
### (Elements of Wire Fraud; 18 U.S.C. § 1343)

Counts 5, 6, 7, and 9 of the indictment charge the defendants with wire fraud.  In order to sustain these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, that there was a scheme or artifice to defraud or to obtain money or property from investors in the Funds by false and fraudulent pretenses, representations or promises, as alleged in the Indictment;

Second, that those false or fraudulent pretenses, representations, or promises were materially false;

Third, that the defendant you are considering knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Fourth, that in execution of that scheme, the defendant used or caused the use of interstate wires as specified in the Indictment.


Sand, Instruction 44-3 (modified); Neder v. United States, 527 U.S. 1, 20 (1999).

**PROPOSED JURY INSTRUCTION NO. 35**
**(First Element of Mail and Wire Fraud—Scheme To Defraud by Means of False and Fraudulent Representation)**

The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud and to obtain money from the hedge fund investors by means of false or fraudulent pretenses, representations or promises.

The indictment charges a single scheme to defraud and to obtain money from the hedge fund investors.  The phrase "scheme to defraud" means a knowing and willful plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations or promises.

The scheme to defraud is alleged to have been carried out by making false and fraudulent representations.  A statement, representation, claim or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.  A representation or statement is fraudulent if it was falsely made with the intention to deceive.

In order to establish a scheme to defraud, the government must prove that a necessary goal of the alleged scheme is for the defendant to obtain money from the alleged victim.  It is not sufficient for the government to prove that the alleged victim was misled or deceived, or financially harmed.  Rather, the government must prove beyond a reasonable doubt that a transfer of money from the alleged victim to the defendant was contemplated as a result of the alleged scheme.

Although the government need not prove that an alleged scheme actually succeeded in order to prove mail or wire fraud, the government is required to establish that the purpose or objective of the scheme was for the defendant to obtain money from the alleged

- 48 -

victim.  In other words, the government must show that, had the alleged scheme succeeded, the

alleged victim would have transferred money to the defendant.


Sand, Instruction 44-4 (modified); <u>Neder v. United States</u>, 527 U.S. 1, 25 (1999); <u>United States v. Amato</u>, 540 F.3d 153, 164 (2d Cir. 2008); <u>Carpenter v. United States</u>, 484 U.S. 19, 27 (1987); <u>United States v. Pierce</u>, 224 F.3d 158, 165 (2d Cir. 2000); <u>United States v. Autuori</u>, 212 F.3d 105, 115 (2d Cir. 2000);  <u>United States v. Frank</u>, 156 F.3d 332, 337 (2d Cir. 1998); <u>United States v. Tocco</u>, 135 F.3d 116, 124 (2d Cir. 1998); <u>United States v. Altman</u>, 48 F.3d 96, 101 (2d Cir. 1995); <u>United States v. D'Amato</u>, 39 F.3d 1249, 1257 (2d Cir. 1994); <u>United States v. Miller</u>, 997 F.2d 1010, 1012 (2d Cir. 1993); <u>United States v. Walters</u>, 997 F.2d 1219, 1227 (7th Cir. 1993); <u>United States v. Baldinger</u>, 838 F.2d 176, 180 (6th Cir. 1988); <u>United States v. Starr</u>, 816 F.2d 94, 98-99 (2d Cir. 1987).

## PROPOSED JURY INSTRUCTION NO. 36
### (Second Element of Wire Fraud—Materiality)

If you find that the government has established beyond a reasonable doubt a scheme to defraud the Funds' investors for the purpose of obtaining money from them by means of false or fraudulent pretenses, representations, or promises, as alleged in the Indictment, you must then determine whether the false or fraudulent statement related to a material fact or matter.

I defined the term "materiality" for you previously in discussing the elements of the securities fraud charges, and you should use that definition here. Also, as I instructed you earlier, even if a statement is false or misleading, it is not material and cannot support a claim of securities fraud if it constitutes mere puffery or sales talk, or is simply a prediction regarding the future. You should use the definition of puffery, sales talk, optimism, and predictions of future performance here as well. And, as before, your consideration of the element of materiality must be based on the facts existing when the alleged representations were made. Materiality cannot be judged by hindsight.

Basic Inc. v. Levinson, 485 U.S. 224, 228 (1988); United States v. Rigas, 290 F.3d 208, 234 (2d Cir. 2008); Eca & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co., 553 F.3d 187, 197-98 (2d Cir. 2009); San Leandro Emergency Medical Group Profit Sharing Plan v. Phillip Morris Comp., Inc., 75 F.3d 801 (2d Cir. 1996); ABA, Model Jury Instructions: Securities Litigation § 2.03[2][a] (modified); Shields v. Citytrust Bancorp., 25 F.3d 1124, 1129-30 (2d Cir. 1994); Rombach v. Chang, 355 F.3d 164, 174 (2d Cir. 2004); Vulcan Metals Co. v. Simmons Mfg. Co., 248 F. 853, 857 (2d Cir. 1918) (Hand, J.); Parnes v. Gateway 2000, 122 F.3d 539, 548 (7th Cir. 1997).

## PROPOSED JURY INSTRUCTION NO. 37
**(Third Element of Wire Fraud—Knowingly Willfully, and Specific Intent To Defraud)**

The third element that the government must establish beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, willfully and with specific intent to defraud the investors in the hedge funds.

I have already defined these terms for you when we discussed conspiracy, and you should look back to those full definitions and apply them here. Just to repeat briefly, a person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose and evil motive to disobey or to disregard the law. Intent to defraud is established when some actual harm or injury was contemplated by the schemer.

Finally, as we discussed before, if the law or disclosure standards were vague, unclear, or subject to more than one interpretation, a defendant cannot be found to have acted knowingly, willfully, and with a specific intent to defraud.


Sand, Instruction 3A-1, A-3 (modified); United States v. Dardi, 330 F.2d 316 (2d Cir. 1964) (affirming lower courts jury instructions about intent, evil motive and purpose); United States v. Dixon, 536 F.2d 1388 (2d Cir. 1976) (holding that the lower court's scienter instruction was inadequate because it did not convey that the Defendant had to have an "evil purpose"); United States v. Cassese, 428 F.3d 92, 98 (2d Cir. 2005); United States v. Gole, 158 F.3d 166, 16768 (2d Cir. 1998); Dinome, 86 F.3d at 283; United States v. D'Amato, 39 F.3d 1249, 1257 (2d Cir.1994); United States v. Soto, 716 F.2d 989, 993 (2d Cir. 1983); United States v. Whiteside, 285 F.3d 1345, 1351 (11th Cir. 2002); United States v. Pirro, 212 F.3d 86, 90-91 (2d Cir. 2000); Siddiqi v. United States, 98 F.3d 1427, 1439 (2d Cir. 1996); United States v. Migliaccio, 34 F.3d 1517, 1525 (10th Cir. 1994); United States v. Levin, 973 F.2d 463 (6th Cir. 1992).

**PROPOSED JURY INSTRUCTION NO. 38**
**(Fourth Element of Wire Fraud—Use of Wires)**

The fourth and final element that the government must establish beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud.

The wire communication must pass between two or more states as, for example, a telephone call between New York and New Jersey.

The use of the wires need not itself be a fraudulent representation. It must, however, further or assist in the carrying out of the scheme to defraud.

A person causes the mails or interstate wires to be used when use of the mails or interstate wires can reasonably be foreseen as a consequence of the person's actions. Thus, a mailing or use of the interstate wires is not sufficient to satisfy this element unless the government proves beyond a reasonable doubt that the mailing or use of the interstate wires was reasonably foreseeable to the defendant you are considering in the execution of the alleged scheme to defraud charged in the indictment.

With respect to the use of an interstate or international wire, the government must establish beyond a reasonable doubt the particular use charged in the Indictment. These four uses are as follows:

| Count | Date | Description |
|-------|------|-------------|
| 5 | 3/7/07<br><br>6:12 am | Email from CIOFFI to Bear Stearns broker, whose identity is known to the Grand Jury, in which CIOFFI states that the Funds have an "awesome opportunity." |
| 6 | 3/15/07<br><br>6:49 am | Email from TANNIN to an investor, informing the investor that "I am adding money to the fund. If you guys are in a position to do the same I think think (sic) this is a good opportunity." |

- 52 -

| 7 | 3/18/07<br><br>10:22<br>pm | Email from TANNIN to an investor, stating that "Ralph and I each have about 40% of our non-real estate net worth in the fund.  I am adding more this month." |
|---|---|---|
| 9 | 5/3/07 | Phone call from TANNIN to Repo counterparty in which TANNIN states that Tannin anticipates no large redemptions. |

The government does not have to prove that the wires were used on the exact date charged in the Indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the Indictment.

Sand, Instruction 44-7 (modified).

**PROPOSED JURY INSTRUCTION NO. 39**
(Aiding and Abetting; 18 U.S.C. § 2)

The Indictment charges the defendants with aiding and abetting securities fraud (Counts 2, 3, 4) and wire fraud (Counts 5, 6, 7, and 9).  The government has the burden of proving each of the elements of aiding and abetting beyond a reasonable doubt as to each count and each defendant.

To satisfy its burden of proof with respect to aiding and abetting, the government is required to prove the following three elements beyond a reasonable doubt with respect to the defendant and the count you are considering:

First, the government has proven that another person actually committed the offense with which the defendant is charged;

Second, the defendant participated in the crime by doing some act to help make the crime succeed; and

Third, the defendant knowingly and willfully associated himself in some way with the crime.

Sand, Instructions 11-1, 11-2 (modified).

- 54 -

## PROPOSED JURY INSTRUCTION NO. 40
(First Element of Aiding and Abetting—Proof Crime Committed)

The first element that the government must prove beyond a reasonable doubt is that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place.

Sand, Instructions 11-2 (modified).

## PROPOSED JURY INSTRUCTION NO. 41
(Second Element of Aiding and Abetting—Participation)

If you find that the government has proven beyond a reasonable doubt that a crime was committed, then you must determine the second element of aiding and abetting, whether the defendant participated in the crime.

To establish that the defendant participated in the commission of the crime, the government must prove that defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

Participation in a crime is willful if done voluntarily and intentionally, and with the specific intent to do something which the law forbids or with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

Sand, Instructions 11-2 (modified).

## PROPOSED JURY INSTRUCTION NO. 42
(Third Element of Aiding and Abetting—Knowingly and Willfully)

If you find that the government has proven beyond a reasonable doubt that a crime was committed and that the defendant participated in the crime, then you must determine the third element of aiding and abetting, whether the defendant knowingly and willfully associated himself in some way with the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly and willfully associate himself in some way with the crime, and that he participate in the crime by doing some act to help make the crime succeed.

To establish that defendant knowingly associated himself with the crime, the government must establish that the defendant acted knowingly, willfully, and with specific intent to defraud the investors in the hedge funds.

Sand, Instructions 11-2 (modified).

## PROPOSED JURY INSTRUCTION NO. 43
(Good Faith)

Because the government must prove beyond a reasonable doubt that the defendant whom you are considering acted knowingly, willfully, and with a specific intent to defraud, good faith is an absolute defense to every charge in this case.

A statement made with good faith belief in its accuracy does not amount to a false statement and is not a crime. This is so even if the statement is, in fact, erroneous.

If the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime.

The burden of establishing lack of good faith and criminal intent rests upon the prosecution. A defendant is under no burden to prove his good faith; rather, the prosecution must prove bad faith or knowledge of falsity beyond a reasonable doubt.  If the evidence in the case leaves you with a reasonable doubt as to whether the defendant whom you are considering acted in good faith, you must find that defendant not guilty.

Reliance on documents drafted, or guidance provided, by an attorney concerning disclosure obligations may constitute good faith.  To decide whether such reliance was in good faith, you may consider whether the defendant relied on a competent attorney concerning the material fact allegedly omitted, whether the attorney provided an opinion--including by drafting and approving a document concerning disclosure obligations--whether the defendant believed that the opinion or advice was given in good faith, and whether the defendant reasonably followed the advice.

Sand, Instruction 8-1; United States v. Skilling, 554 F.3d 529, 557 n.35 (5th Cir. 2009).

## <u>CERTIFICATE OF SERVICE</u>

I, Margaret A. Keeley, counsel for defendant Ralph Cioffi, hereby certify that on

October 30, 2009, I caused a copy of Defendant Ralph Cioffi's Preliminary Requests to Charge

to be served on the following attorneys through the ECF filing system for the Eastern District of

New York.


Patrick Sean Sinclair
United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Susan Brune
Brune & Richard LLP
80 Broad Street
30th Floor
New York, NY 10004


Respectfully submitted,


/s/ Margaret A. Keeley___
Margaret A. Keeley


Dated:  October 30, 2009