

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

F.#2007R01328

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 3, 2009

**VIA ECF**
The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Ralph Cioffi and Matthew Tannin
            Criminal Docket No. 08-415 (FB)

Dear Judge Block:

       The government writes to address the evidence regarding a nexus to interstate commerce relating to the wire fraud counts in the indictment.

       First, the defendants have mis-stated the record. Count Seven charges wire fraud related to an e-mail from the defendant Tannin in New York City to Jennifer Wu of Palomar Capital Advisors in Zurich, Switzerland.  On the face of Government Exhibit 20, it is clear that Ms. Wu worked at Palomar Capital Advisors in Switzerland.  Title 18, United Sates Code, Section 1343 prohibits the sending of wires in "interstate or foreign commerce."  Accordingly, the defendants' motion to dismiss Count Seven for lack of evidence of interstate commerce should be dismissed.

       Second, regarding Counts Five and Six, these were e-mails sent on the Bear Stearns e-mail system. The Bear Stearns e-mail system is routed through servers in Whippany, New Jersey.  At the time it closed its case, the government mistakenly believed that this fact was established in Government Exhibit 116, the AIMA Due Diligence Questionnaire ("DDQ") for the High Grade funds. While earlier versions of the DDQ allude to servers in New Jersey, the version entered into evidence mentioned the Whippany, New Jersey site, but does not specifically state that the Bear Stearns servers were located there.

Courts in this Circuit have found that e-mails sent to intrastate locations, but routed through other states, can be found to meet the "interstate nexus" requirement of 18 U.S.C. § 1343. See United States v. Siembida, 604 F.Supp.2d 589, 596-97 (S.D.N.Y. 2008) ("A communication from one location with a state to another location within that same state which passes through another state may satisfy the interstate requirement, even if the defendant has no reason to know of the interstate character of the communication.) Citing Ideal Steel Supply Corp. V. Anza, 373 F. 3d 251, 265 (2d Cir. 2004) ("As a matter of substance, it is possible for a wire communication whose origin and ultimate destination are with a single state to be routed through another state.")

The government moves to re-open its case for the limited purpose of entering into evidence - either testimony or a stipulation - that the Bear Stearns e-mail system was routed through Whippany, New Jersey during 2007. "Even after a defendant moves under Federal Rule of Criminal Procedure 29 for acquittal, a district judge retains wide discretion to allow the government to re-open its case to correct errors." United States v. Parkes, 497 F. 3d 220, 231 (2d Cir. 2007) citing United States v. Suarez-Rosario, 237 F. 3d 1164, 1167 (9th Cir. 2001) ("One purpose of Rule 29 motions is to alert the court to omitted proof so that, if it chooses, it can allow the government to submit additional evidence.") Indeed, courts routinely permit the government to re-open its evidence to admit evidence of interstate nexus. See e.g., United States v. Leslie, 103 F. 3d 1093, 1104 (2d Cir. 1997) (validating the district court's decision to permit government to re-open case in order to establish a nexus with interstate commerce and noting "the jurisdictional prerequisite [and] a district

2

court may allow the government to re-open its case to establish this jurisdictional predicate.").[1]

          Respectfully submitted,

          BENTON J. CAMPBELL
          UNITED STATES ATTORNEY

     By:    /s/
          James G. McGovern
          Ilene Jaroslaw
          Patrick Sean Sinclair
          Brian Sano
          Assistant U.S. Attorneys

cc: Margaret Keeley, Esq.
   Mary Ann Sung, Esq.

---

[1] The government has requested that the defendants agree to stipulate to the relevant facts about the servers and we are hopeful that they will agree to such a stipulation. In the event that an agreement will not be reached, the government will be prepared to call a witness this afternoon.